IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| STEVEN ANTHONY WRIGHT, | * |
| Plaintiff, | * |
|  | * |
| v. | * |
|  | *      Civil No. 25-4220-BAH |
| MARYLAND JUDICIARY,<br>ADMINISTRATIVE OFFICE OF<br>THE COURTS, | * |
|  | * |
| Defendant. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Pending before the Court are several motions filed by Plaintiff Steven Anthony Wright ("Plaintiff"), who proceeds pro se. The Court previously denied Plaintiff's motion for a temporary restraining order, finding that the relief requested was divorced from the operative complaint. *See* ECF 12. Plaintiff has now filed a motion to seal personal identifying information from the public docket ("motion to seal"), ECF 14,[1] a motion to disqualify the Office of the Attorney General as counsel for Defendants ("motion to disqualify"), ECF 16, a motion for leave to file an amended complaint, ECF 17, a renewed motion for a temporary restraining order and preliminary injunction ("renewed motion for a TRO"), ECF 19, and a "Motion for Litigation Hold and Comprehensive Preservation Order," ECF 22.

Plaintiff has also filed a "Notice of Supplemental Evidence in Support of Motion to Disqualify Office of the Attorney General (ECF No. 16) and Request for Interim Restraint Pending Ruling," ECF 21, wherein he requests that the Court "enter an interim order restricting the OAG's

---

[1] An unredacted version of this motion is filed under seal at ECF 15.

conduct pending its ruling on the Motion to Disqualify," *id.* at 3.  The Court will deny this request.

Plaintiff cites no authority for the extraordinary remedy of preventing opposing counsel from even weighing in on the disqualification question, and the Court does not find that such relief is warranted under the circumstances present here.

The Court will address three of the pending motions herein but will leave the motion to seal and motion to disqualify for another day, after any responses and replies to those motions have been filed.[2]

### I.    Motion for Litigation Hold and Comprehensive Preservation Order (ECF 22)

First, to the extent Plaintiff requests an order preserving potentially discoverable material, *see* ECF 22, there is "no need for such an order because [defendants are] already under a duty to preserve material evidence."  *Malibu Media, LLC v. Doe*, Civ. No. TDC-15-1042, 2016 WL 593502, at *1 (D. Md. Feb. 12, 2016) (citing *Silvestri v. General Motors Corp.,* 271 F.3d 583, 591 (4th Cir. 2001)); *see also Gambino v. Hershberger*, 700 F. App'x 272, 273 (4th Cir. 2017) (affirming district court's denial of preliminary injunctive relief seeking preservation of evidence). This motion is denied.

### II.    Motion for Leave to File Amended Complaint (ECF 17)

The Court next addresses Plaintiff's motion for leave to file an amended complaint, as that motion bears on the motion for a TRO.  Federal Rule of Civil Procedure 15 governs amendments to pleadings.  Under Rule 15(a), a plaintiff may amend a complaint "once as a matter of course" in the following scenarios: (1) within "21 days after serving it"; or the earlier of (2) "21 days after

---

[2] Under Local Rule 105.11, "[t]he Court will not rule upon the motion [to seal] until at least fourteen (14) days after it is entered on the public docket to permit the filing of objections by interested parties."

service of a responsive pleading" or (3) "21 days after service of a motion under Rule 12(b), (e), or (f)." Fed. R. Civ. P. 15(a)(1)(A)–(B). Because no responsive pleading or Rule 12 motion has yet been filed, Plaintiff may still amend once as of right. *See id.*; *cf. Galustian v. Peter*, 591 F.3d 724, 730 (4th Cir. 2010) (applying the pre-2009 amendment version of Rule 15 and finding that, under that rule, "a plaintiff has an absolute right to amend his complaint once before a responsive pleading has been filed and need not seek leave of court to do so" (citing Fed. R. Civ. P. 15(a) (2008))); Fed. R. Civ. P. 15 Committee Note to 2009 Amendment (clarifying the three circumstances in which a litigant can amend a pleading as of right under the newly amended rule). Because Plaintiff may still amend the complaint as of right, the motion for leave to file an amended complaint, ECF 17, will be granted. The Clerk will be directed to docket the proposed amended complaint, ECF 17-1, as the operative complaint.[3]

Pursuant to Fed. R. Civ. P. 15(a)(3), Defendant Maryland Judiciary, Administrative Office of the Courts' deadline to respond to the amended complaint is fourteen days from the date of this order, or March 25, 2026.

### III.   <u>Service of Amended Complaint on Newly Named Defendants</u>

However, Plaintiff has not provided proposed summonses or U.S. Marshal forms for any of the newly named defendants. Until he does so, service cannot be completed.

Under Fed. R. Civ. P. 4(e)(1), service of process on an individual must comport with the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located. In Maryland, service on an individual defendant is made by either: leaving a copy of the summons, complaint, and all other papers filed with it at the individual's dwelling house or usual place of abode with a resident of suitable age and discretion,

---

[3] An unredacted version of the amended complaint has been docketed at ECF 18.

or by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting "Restricted Delivery – show to whom, date, address of delivery." Md. Rule 2-121(a).

Under Fed. R. Civ. P. 4(j), service upon a state, municipal corporation, or other state-created governmental organization subject to suit shall be effected by delivering a copy of the summons and complaint to its chief executive officer; or by serving the summons and complaint in the manner prescribed by the law of the state for the service of summons or other like process upon any such defendant. Plaintiff may serve an officer or agency of a local government by serving summons and the complaint on "the resident agent designated by the local entity." Maryland Rule 2-124(l). Resident agents for local entities are filed with the State Department of Assessments and Taxation. *See* Md. Code Ann., Loc. Gov't § 1-1301. The State Department of Assessments and Taxation may be accessed through its website: https://dat.maryland.gov/Pages/default.aspx.

Plaintiff may serve the State of Maryland by serving summons and the complaint on "the Attorney General or an individual designated by the Attorney General in a writing filed with the Clerk of the Supreme Court" of Maryland. Maryland Rule 2-124(j). Service on officers or agencies of the State of Maryland is done by serving summons and the complaint on "(1) the resident agent designated by the officer or agency, or (2) the Attorney General or an individual designated by the Attorney General in a writing filed with the Clerk of the Supreme Court." Maryland Rule 2-124(k). The address and other information regarding Maryland's Attorney General are available at: https://www.marylandattorneygeneral.gov/.

Until Plaintiff completes summonses and U.S. Marshal forms for each newly named defendant, service shall not be issued. The Clerk shall be directed to mail a copy of the Marshal form for each new defendant to Plaintiff, who must complete and return the forms to the Clerk

within twenty-one (21) days from the date of this order.  Failure to comply with this order may result in dismissal without prejudice of Plaintiff's claims against those defendants.  Once the forms are received, the Clerk and the U.S. Marshal are directed to take all necessary steps to effectuate service of process.

### IV.    Renewed Motion for a TRO (ECF 19)

The Court has previously denied a motion for a TRO filed by Plaintiff.  *See* ECF 12.  As explained in that order, TROs, as well as preliminary injunctions, are governed by Federal Rule of Civil Procedure 65.  "The purpose of a TRO is to 'preserve the status quo only until a preliminary injunction hearing can be held.'"  *ClearOne Advantage, LLC v. Kersen*, 710 F. Supp. 3d 425, 431 (D. Md. 2024) (quoting *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999)).  Preliminary injunctions and TROs are "extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001).  They are not "awarded as of right."  *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, at 689–90 (2008)).  To succeed on a motion for a preliminary injunction or TRO, a movant "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."  *Centro Tepeyac v. Montgomery Cnty*., 722 F.3d 184, 188 (4th Cir. 2013) (alteration in original) (citing *Winter,* 555 U.S. at 20).  "Because a preliminary injunction is issued on a process that amounts to a substantial truncation of the trial process, 'the party seeking [a] preliminary injunction must demonstrate by a *clear showing* that, among other things, it is likely to succeed on the merits at trial.'" *Sols. in Hometown Connections v. Noem*, 165 F.4th 835, 841 (4th Cir. 2026) (emphasis in *Hometown Connections*) (quoting *Real*

*Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 345 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010), *remanded to*, 607 F.3d 355, 355 (4th Cir. 2010) (reinstating relevant part)).

The Court assumes familiarity with the factual allegations in this case.  In short, Plaintiff was formerly a District Court Commissioner with the Maryland Judiciary until March 7, 2025. *See* ECF 17-1, at 2 ¶ 5.  He was rehired as an Administrative Paralegal in the Family Division of the Circuit Court for Baltimore City on May 30, 2025. *Id.*  Broadly, he alleges he suffered "a systematic pattern of disability discrimination, retaliation, witness retaliation, and civil rights violations." *Id.* at 2.  In his renewed motion for a TRO, Plaintiff requests that the Court:

> 1. Prohibit all Defendants from taking any adverse employment action against Plaintiff during the pendency of this litigation without prior Court approval;
>
> 2. Order Defendants to immediately produce Plaintiff's complete personnel file pursuant to Md. Code, State Gov't Section 2-604, encompassing all three employment periods, and certify in writing that the file produced is complete and unaltered, as requested by Plaintiff on March 6, 2026;
>
> 3. Order Defendants to restore Plaintiff's compensation to commissioner-level pay, approximately $80,000 annually, paid directly by the Maryland Judiciary, pending resolution of this litigation, to remedy ongoing financial suppression and protect Plaintiff's right of access to the courts;
>
> 4. Prohibit Defendants from assigning Plaintiff to any work location that lacks a telephone, emergency alarm, or security officer presence, consistent with the Task Force to Ensure the Safety of Judicial Facilities' own documented recommendations; in the alternative, order Defendants to permit Plaintiff to perform his current duties remotely pending resolution of this litigation, as both a reasonable accommodation and a protective measure, given that Plaintiff's remaining assignments are electronic in nature and can be performed with existing system access;
>
> 5. Order Defendants to complete the ADA interactive process through an independent ADA Coordinator who is not a named defendant, not employed by the AOC, and not supervised by any named defendant in this action;
>
> 6. Order preservation of all documentary evidence including Odyssey records, ns deletion logs, Teams communications, HR files, interview materials, personnel

records, and all email correspondence relating to any plaintiff or defendant in this action from January 1, 2024 through the present;

7. Order Defendants to restore Plaintiff's access to all Teams group chats and operational communications from which he has been excluded;

8. Lift and void the January 23, 2026 written cease-and-desist issued by Defendant Banister prohibiting Plaintiff from documenting compliance concerns;

9. Set this matter for a preliminary injunction hearing at the earliest available date;

10. Grant such other and further relief as this Court deems just and proper.

ECF 19, at 7–8. Plaintiff asserts that he is likely to succeed on his claims for failure to accommodate, retaliation, and "post-filing retaliation" under the Americans with Disabilities Act ("ADA").[4] *See id.* at 5–6. Plaintiff also asserts that he faces irreparable harm to his physical safety by "being directed to a public-facing location with no telephone, no emergency alarm, and a documented history of litigant violence." *Id.* at 6. Further, he asserts that the ongoing ADA violations and his "[s]uppression of access to courts" caused by his salary (which he contends is insufficient to hire a lawyer) also constitute irreparable harms. *See id.*

The ADA prohibits employers from discriminating against otherwise "qualified individual[s] on the basis of disability." 42 U.S.C. § 12112(a)–(b). Among the forms of discrimination prohibited by the statute are (1) imposing an adverse action upon an employee due to their disability; (2) retaliating against an employee for engaging in protected activities related to disability discrimination; (3) creating a hostile work environment; and (4) failing to reasonably accommodate an employee with a disability. *See Israelitt v. Enter. Servs. LLC*, 78 F.4th 647, 653 (4th Cir. 2023) (recognizing each type of claim under the ADA).

---

[4] As Plaintiff does not contend that he is likely to succeed on the remaining counts, the Court will not evaluate the likelihood of success on those counts.

Plaintiff has not established that he is likely to succeed on the merits of his claims.  Plaintiff essentially argues that he is likely to succeed on the failure to accommodate claim because he engaged in the interactive process and, Plaintiff contends, Defendants did not.  *See* ECF 19, at 5 ("The employer's obligation to engage in the interactive process is well established. . . . No genuine interactive process occurred.").  But "a failure to engage in the interactive process is not, in and of itself, a violation of the ADA or Rehabilitation Act."  *Hilley v. Mabus*, No. 2:08CV457, 2009 WL 8695865, at *3 (E.D. Va. July 31, 2009) (citing *Wells v. BAE Sys. Norfolk Ship Repair,* 483 F. Supp. 2d 497, 511 (E.D. Va. 2007)), *aff'd,* 387 F. App'x 365 (4th Cir. 2010); *see also Walter v. United Airlines, Inc.,* No. 99–2622, 2000 WL 1587489 at *5 (4th Cir. Oct. 25, 2000).  Plaintiff therefore has not established a likelihood of success on the merits of this claim.

As to his retaliation claims, Plaintiff asserts that "[t]he temporal proximity [between his submission of an ADA request and the allegedly violative actions of defendants] alone establishes causation."[5]  ECF 19, at 5–6.  And "[t]he escalating pattern, from cease-and-desist (January 23) to duty removal (February 2) to operational exclusion (February 18) to unsafe reassignment (February 26) to ongoing dismissal of compliance concerns (March 5), confirms retaliatory intent beyond temporal proximity."  *Id.* at 6.  While these events may have occurred close in time,

---

[5] According to the amended complaint:

> On January 16, 2026, Plaintiff submitted a formal written ADA accommodation request to the Baltimore City Circuit Court's HR office and ADA Coordinator, disclosing OCPD, ADHD, and PTSD and requesting four specific accommodations: (1) written guidance when directed to deviate from the Maryland Rules or established procedures; (2) written confirmation that the directing person has authority to require the deviation; (3) the ability to seek written clarification from appropriate administrative leadership without penalty or retaliation; and (4) protection from being required to implement practices inconsistent with the Maryland Rules without written authorization.

ECF 17-1, at 14 ¶ 55.

"[t]emporal proximity alone is insufficient to prove causation, as is merely showing that the adverse action occurred after Plaintiff's accommodation requests. *See Israelitt v. Enter. Servs. LLC*, Civ. No. 18-1454-SAG, 2022 WL 672158, at *7 (D. Md. Mar. 7, 2022) (citing *Gentry v. East West Partners Club Mgmt. Co., Inc.*, 816 F.3d 228, 235-36 (4th Cir. 2016); *Gibson v. Old Town Trolley Tours of Washington, D.C., Inc.*, 160 F.3d 177, 182 (4th Cir. 1998)), *aff'd,* 78 F.4th 647 (4th Cir. 2023). Plaintiff has not made the requisite clear showing of success on the retaliation counts.[6]

Plaintiff's "failure to show a likelihood of success on the merits dooms [his] request for a preliminary injunction." *N. Virginia Hemp & Agric., LLC v. Virginia*, 125 F.4th 472, 497 (4th Cir. 2025) (citing *Frazier v. Prince George's Cnty.*, 86 F.4th 537, 544 (4th Cir. 2023)). However, the Court also notes that to the extent Plaintiff seeks a mandatory injunction altering the status quo, *see League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 236 (4th Cir. 2014) ("[M]andatory injunctions alter the status quo . . . ."), such injunctions "in any circumstance [are] disfavored, and warranted only in the most extraordinary circumstances," *Taylor v. Freeman*, 34 F.3d 266, 270 n.2 (4th Cir. 1994). And to the extent Plaintiff contends that he faces irreparable harm due to reduced pay, financial harms typically do not constitute irreparable harm. *See Irreparable Injury*, Black's Law Dictionary (12th ed. 2024) (defining "irreparable harm" as "[a]n injury that cannot be adequately measured or compensated by money and is therefore often considered remediable by injunction"); *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (explaining

---

[6] Further to the extent Plaintiff seeks preliminary injunctive relief from officials of the State of Maryland, questions of sovereign immunity would prevent a finding of likelihood of success on the merits. *See Tall v. P'ship Dev. Grp., Inc*, Civ. No. RDB-15-3352, 2016 WL 1696466, at *5 (D. Md. Apr. 28, 2016) (dismissing Title I ADA claims brought in federal court based on Eleventh Amendment immunity), *aff'd sub nom. Tall v. P'ship Dev. Grp. Inc.*, 669 F. App'x 679 (4th Cir. 2016); *see also McCray v. Maryland Dept. of Transp., Maryland Transit Admin.*, 741 F.3d 480, 483 (4th Cir. 2014).

that a statutory right to back pay "affords monetary relief which will prevent the loss of earnings on a periodic basis from being 'irreparable injury' in this type of case"). Plaintiff's renewed motion for a TRO, ECF 19, must therefore be denied.

## V.　　CONCLUSION AND ORDER

For these reasons, it is this 11th day of March, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's request for an "interim order restricting the OAG's conduct pending [a] ruling on the Motion to Disqualify," ECF 21, at 3, is DENIED;

2. Plaintiff's motion for leave to file an amended complaint, ECF 17, is GRANTED;

3. The Clerk is DIRECTED TO DOCKET the proposed amended complaint, ECF 17-1;

4. Defendant Maryland Judiciary, Administrative Office of the Courts' DEADLINE TO RESPOND to the amended complaint is March 25, 2026, pursuant to Fed. R. Civ. P. 15(a)(3);

5. The Clerk SHALL SEND a copy of this order, together with twelve copies of the U.S. Marshal and summons forms to Plaintiff;

6. Plaintiff IS GRANTED TWENTY-ONE (21) days from the date of this order in which to complete the U.S. Marshal forms and summons forms and return them to the Clerk. Plaintiff is cautioned that the failure to return the completed U.S. Marshal and summons forms in a timely and complete manner may result in the dismissal of his claims without prejudice and without further notice from the Court;

7. Upon receipt of the U.S. Marshal forms and summons forms, the Clerk SHALL ISSUE the summonses and forward same together with the amended complaint, the U.S. Marshal forms, and a **COPY OF THIS ORDER** to the U.S. Marshal;

8.  The U.S. Marshal Service IS DIRECTED to effectuate service of process on the defendants at the addresses provided by Plaintiff.  If the U.S. Marshal Service uses U.S. Postal Service delivery to effect service on the defendants, it shall do so by **RESTRICTED DELIVERY, CERTIFIED MAIL**;

9.  Plaintiff's renewed motion for a TRO, ECF 19, is DENIED;

10. The Court will rule on the motion to seal and motion to disqualify in due course;

11. The Clerk SHALL SEND a copy of this order to Plaintiff and counsel of record.


                                            /s/
                                  Brendan A. Hurson
                                  United States District Judge