### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| STEVEN ANTHONY WRIGHT, | * |
| Plaintiff, | * |
| v. | * |
| MARYLAND JUDICIARY, ADMINISTRATIVE OFFICE OF THE COURTS ET AL., | *   Civil No. 25-4220-BAH |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### **MEMORANDUM AND ORDER**

Defendant Maryland Judiciary, Administrative Office of the Courts ("AOC") filed a motion, ECF 26, for an extension of time for all named defendants to respond to the amended complaint, as well as to extend the page limit to 40 pages for the response filed.[1]  Plaintiff Steven Anthony Wright ("Wright") filed a response in opposition to the motion, which also contains an informal request to appoint counsel.  ECF 28.

For the reasons explained below, Wright's motion to disqualify Maryland Office of the Attorney General as counsel for defendants, ECF 16, is DENIED.  Further, AOC's motion for an extension of time to file a response and to extend the page limit for the response, ECF 26, is GRANTED.  All defendants named in the amended complaint will have until June 15, 2026, to file a response.  However, the Court will accept Wright's input on a new date, given his representation that the date AOC proposed falls during previously scheduled leave from his current

---

[1] AOC also filed a motion to shorten time for Plaintiff to respond to its motion for extension of time.  ECF 27.  Because Plaintiff filed his response on the same day as the motion for an extension, AOC's motion is DENIED as moot.

employment. Wright may confer with AOC's counsel to select a date that works with his leave and an additional motion for an extension of time may be filed with the Court. Moreover, to the extent that Wright's opposition constitutes a request for appointment of counsel under 28 U.S.C. § 1918, that request is DENIED.[2]

### I.    Motion to Disqualify Office of the Attorney General (ECF 16)

Wright moves to disqualify the Maryland Office of the Attorney General ("OAG") from representing any defendant in this case because "OAG's simultaneous representation of thirteen defendants whose interests are materially adverse to one another, combined with OAG's institutional entanglement with the conduct being challenged, creates irreconcilable conflicts of interests under Maryland Lawyers' Rules of Professional Conduct 19-301.7 and 19-304.3." ECF 16, at 1. Specifically, Wright asserts that the conflict arises because "[t]he same institution that provides guidance to OAG's clients on how to respond to Plaintiff's disability claims is a named defendant in the action the OAG is defending." *Id.*

"Disqualification is a drastic remedy since it deprives litigants of their right to freely choose their own counsel." *Gross v. SES Americom, Inc.*, 307 F. Supp. 2d 719, 722 (D. Md. 2004) (first citing *Buckley v. Airshield Corp.*, 908 F. Supp. 299, 304 (D. Md. 1995); and then citing *Shaffer v. Farm Fresh, Inc.*, 966 F.2d 142, 146 (4th Cir. 1992)). Indeed, at least at one point, "[t]he Maryland Rules of Professional Conduct expressly caution[ed] that motions to disqualify 'should be viewed with caution . . . for [they] can be misused as a technique of harassment.'" *Id.* (citation omitted). Accordingly, "[t]he moving party 'bears a high standard of proof to show disqualification is warranted.'" *Fisher v. PGCPS Bd. of Educ.*, No. 23-CV-1693-ABA, 2025 WL 2418620, at *12

---

[2] The Court will leave resolution of Wright's pending motion to seal, ECF 14, for another day.

(D. Md. Aug. 21, 2025) (quoting *Tessier v. Plastic Surgery Specialists, Inc.*, 731 F. Supp. 724, 729 (E.D. Va. 1990)).

The Court starts with the rules Wright invokes, which come from the Maryland Attorneys' Rules of Professional Conduct ("MRPC").[3]  Rule 19-301.7 governs conflicts of interest, and it provides that "an attorney shall not represent a client if the representation involves a conflict of interest."  MRCP 19.301.7(a).  "A conflict of interest exists if:"

(1) The representation of one client will be directly adverse to another client; or

(2) There is significant risk that the representation of one or more clients will be materially limited by the attorney's responsibilities to another client, a former client or a third person or by a personal interest of the attorney.

*Id.*  Notwithstanding the existence of a conflict of interest, however, an attorney may still represent a client under certain circumstances.  *See* MRCP 19.301.7(b).  Rule 19-304.3, on the other hand, relates to dealing with unrepresented persons.  Under that rule, "[a]n attorney, in dealing on behalf of a client with a person who is not represented by an attorney, shall not state or imply that the attorney is disinterested."  MRCP 19-304.3.  "When the attorney knows or reasonably should know that the unrepresented person misunderstands the attorney's role in the matter, the attorney shall make reasonable efforts to correct the misunderstanding."[4]  *Id.*

---

[3] "A motion to disqualify such as this is governed by federal common law."  *Lloyd v. Baltimore Police Dep't*, 729 F. Supp. 3d 494, 500 (D. Md. 2024).  "Those standards, in turn, are deeply informed by the applicable rules of professional conduct."  *Id.*

[4] With respect to this rule, Wright describes an incident on March 6, 2026, in which an Assistant Attorney General issued him a "warning . . . against 'improperly disclosing confidential . . . information gained through the course of" Wright's employment.  ECF 16, at 4.  Wright argues that the lawyer's communication to Wright "constituted legal advice directed at an unrepresented opposing party" in violation of Rule 19-304.3.  The Court disagrees.  Rule 19-304.3 "does not prohibit an attorney from contacting an unrepresented person in connection with a legal matter, but it does require that, in dealing with an unrepresented person, the attorney not mislead him or her about the attorney's role in the matter."  *Att'y Grievance Comm'n of Maryland v. Hoerauf*, 229

Wright has failed to provide sufficient evidence to meet his burden, as the movant, to establish that disqualification is warranted.  Although Wright states that the defendants in this action "do not share a unified interest," Wright's only basis for that assertion is that the defendants "occupy different institutional positions, participated in different alleged violations at different times, and face materially different legal exposures."  ECF 16, at 5; *see also id.* at 1–2 (describing "divergent interests" of defendants).  However, such is often true for state defendants represented by the OAG in multi-defendant matters before the Court.  A conflict of interest exists under Rule 19.301.7(a) only where clients' interests are "directly adverse" to each other, or there is a "significant risk that the representation of one or more clients will be materially limited by the attorney's responsibilities to another client, a former client or a third person or by a personal interest of the attorney."  The differences between defendants that Wright describes do not convince the Court such a conflict exists.  *Cf. Fregia v. Chen*, No. 120CV01024ADAEPGPC, 2023 WL 4551865, at *6 (E.D. Cal. July 14, 2023) ("The Court finds no merit to Plaintiff's arguments that a conflict of interest exists in this case due to the Attorney General's representation of Defendants . . . ."), *report and recommendation adopted*, No. 120CV01024KESEPGPC, 2024 WL 1420673 (E.D. Cal. Apr. 2, 2024).

The Court likewise finds unconvincing Wright's arguments regarding the "structural conflict" he sees in "AOC's dual role as defendant and ADA guidance provider."  ECF 16, at 6.  Wright contends that the OAG is "in the position of defending accommodation decisions that its own client generated."  *Id.*  However, in a lawsuit, counsel for a defendant will ordinarily be defending decisions that "its own client generated."  *See id.*  If Wright's conception of a conflict

---

A.3d 802, 821 (Md. 2020).  Wright does not suggest that he was misled about the Assistant Attorney General's role or interests.

was accepted, the OAG would be precluded from representing state institutions in a vast number of cases in which such representation has been uncontroversially accepted.  Moreover, the Court notes that Wright's interpretation of a "structural conflict"[5] might actually conflict with Maryland law, as the OAG's representation of state defendants in civil actions is sometimes required by state statute.  *See, e.g.*, Md. Code Ann., State Gov't § 12-304(a) (providing generally that "the Attorney General shall appear in a civil action or special proceeding against a State officer or State employee to represent the officer or employee" under certain circumstances).

Finally, the Court observes that Wright's observation that AOC is both "defendant and accommodation decision-maker" is not really a complaint about OAG's representation of AOC. Rather, it is a complaint about potential conflicts within the administrative process itself related to Wright's accommodation requests.  Whether or not the administrative process related to such requests suffers from structural flaws, the Court observes that alleged conflicts within that process do not provide a basis for establishing that a conflict exists regarding OAG's representation of AOC or the other state defendants here.  Disqualification at the urging of the opposing party "is permitted only '[w]here the conflict is such as clearly to call in question the fair and efficient

---

[5] Wright also discusses something he calls the "Wisniewski Structural Conflict" in his motion, alleging that "Defendant Wisniewski's husband, Sergeant Edward Wisniewski, is assigned to the Baltimore County Police Criminal Investigations Bureau, the unit responsible for investigating the exact type of misconduct Plaintiff says he reported and testified about."  ECF 16, at 4.  According to Wright, that "Wisniewski resides in Carroll County (District I 0) but chose the Baltimore County Administrative Commissioner position, placing herself in the jurisdiction where her husband's department regularly submits charging applications."  *Id.* at 4–5.  Wright further alleges that "[t]he District 10 position opened in 2024" but "Wisniewski did not seek it."  *Id.* at 5.  Wright reasons that "[t]he OAG cannot explore or explain this choice on behalf of Wisniewski without potentially undermining the Judiciary's position that the conflict was unknown or immaterial."  *Id.*  However, Wright does not explain why, in the context of this litigation, OAG would have to "explore or explain" that choice or why such information is material to any of the claims alleged.

administration of justice.'" *Gross*, 307 F. Supp. 2d at 723 (citation omitted). Because Wright has not shown such a conflict exists, his motion for disqualification is denied.

## II.     Motion for Extension of Time (ECF 26)

AOC provides good cause for an extension of time to file a response to the amended complaint. First, the amended complaint adds eleven new defendants, allegations related to second period of employment with a separate employer, and at least ten new counts. ECF 26, at 2 ¶ 3; *see also* ECF 24. AOC's counsel represents that once the new defendants are served, "it is almost a surety that all defendants except for the Mayor and City Council of Baltimore City will share representation" with AOC. ECF 26, at 2 ¶ 5. Given the extensive allegations and claims added in the amended complaint, counsel has shown good cause for an extension to file a single, thorough response for the defendants. Moreover, counsel indicates that he will "be out on extended planned parental leave starting April 9, 2026, and is not scheduled to return to work until May 29, 2026," which supplies additional good cause for the requested extension.

Wright primarily advances two arguments in opposition. *See* ECF 28, at 5–9. First, he argues that "resources asymmetry makes any extension disproportionately prejudicial" to him. *Id.* at 5 (capitalization altered). However, Wright's assertion that the requested extension is, "functionally, the equivalent of thousands of attorney-hours of additional preparation time distributed across a division of lawyers" misunderstands the division of work within the Maryland Office of the Attorney General. Moreover, Wright overlooks that the requested extension also offers him additional time to anticipate arguments, research, and further prepare his case.[6] Second, Wright takes issue with the proposed deadline because it apparently coincides with Wright's

---

[6] Further, to the extent Wright's efforts in obtaining counsel have been unsuccessful thus far, the extension also gives Wright additional time to seek representation. *See* ECF 28, at 12 (describing that no firm or attorneys have yet agreed to represent Wright).

already scheduled leave. *Id.* at 8. To Wright, this is "a concrete illustration of the broader structural conflict" in the litigation, because Wright "is suing the people who control his work schedule," among other things. *Id.* at 8–9. While the Court is sympathetic to Wright's concern, it does not negate the good cause shown by AOC for requesting an extension. Instead, the Court offers Wright the opportunity to provide input on a new date. Wright may confer with AOC's counsel to select a date that works with his leave and an additional motion for an extension of time may be filed with the Court. The Court also notes that Wright is free to request extensions of his own when needed, and the Court will take into account that he is currently proceeding pro se in considering any requested extensions.

Finally, Wright argues that AOC's counsel cannot request an extension on behalf of parties who are not yet before the Court. *See* ECF 28, at 7. Wright cites no case law or rule to support his assertion, however. To the contrary, "it is well-established that district courts have 'broad discretion' to manage their dockets, manage the sequence of discovery, and establish deadlines for filing motions and a schedule for their disposition in order to 'secure the just, speedy, and inexpensive determination of every action' in a manner that efficiently and effectively conserves judicial resources." *Jackson v. Dickens*, No. 5:25-CV-00534, 2026 WL 579576, at *13 (S.D. W. Va. Mar. 2, 2026) (first citing Fed. R. Civ. P. 1; and then citing *Audrey v. United Parcel Serv.*, 798 F.2d 679, 682 (4th Cir. 1986)). Because AOC's counsel anticipates representing all state defendants, and given the interests of judicial economy, the Court will set the deadline for responding to the complaint to all defendants who are served.

### III.    Request for Appointment of Counsel (ECF 28)

Wright requests in the alternative that, if the Court grants an extension to AOC, it "should appoint counsel" for Wright to "level the playing field." ECF 28, at 9. As Wright recognizes, 28 U.S.C. § 1915 governs appointment of counsel in civil cases.

Under 28 U.S.C. § 1915(e)(1), the Court has discretion to appoint counsel for indigent civil litigants in exceptional circumstances. *See Bailey-El v. Hous. Auth. of Balt. City*, 185 F. Supp. 3d 661, 670 (D. Md. 2016) (citing *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975), *aff'd in part, vacated on other grounds*, 686 F. App'x 228 (4th Cir. 2017). A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1), is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982). There is no absolute right to appointment of counsel; an indigent claimant must present "exceptional circumstances." *See Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it." *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel), *abrogated on other grounds by Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989).

Wright argues that his case presents exceptional circumstances because it is "exceptionally complex." ECF 28, at 10. While this may be true, this does not represent exceptional circumstances that would warrant the appointment of an attorney to represent Plaintiff under § 1915(e)(1) at this time. *See McCann-McCalpine v. Detective Fisher of BCPD*, Civ. No. BAH-23-2039, 2024 WL 3427211, at *10 (D. Md. July 12, 2024) (denying appointment of counsel where plaintiff stated that he was "the issues in the case are complex, he has limited knowledge of

8

the law, and counsel would be better able to manage a trial in this matter"), *appeal dismissed*, No. 24-6719, 2024 WL 5054520 (4th Cir. Dec. 10, 2024).  Moreover, the Court observes that Wright's filings so far in this case do not suggest that he lacks the capacity to litigate this case.  *Cf. Williams v. Dep't of Corr.*, No. 1:09CV283 GBL/TRJ, 2010 WL 9472485, at *3 (E.D. Va. May 20, 2010) (denying appointment of counsel where plaintiff had "aptly represented himself thus far"), *aff'd sub nom. Williams v. Workman*, 418 F. App'x 162 (4th Cir. 2011).  Accordingly, Wright's request for appointment of counsel will be denied at this time.

### IV.    Conclusion and Order

For the reasons stated above, it is this 20th day of March, 2026, by the United States District Court for the District of Maryland, ORDERED that:

(1) Defendant AOC's motion for an extension of time to file a response to the amended complaint, ECF 26, is GRANTED;

    a. All defendants will have until June 15, 2026 to file a response to the amended complaint;

(2) Defendant AOC's motion to shorten time for Plaintiff's response, ECF 27, is DENIED as moot;

(3) Plaintiff's request for appointment of counsel, ECF 28, is DENIED; and

(4) The Clerk is directed to MAIL a copy of this order to Plaintiff.

_____/s/_____

Brendan A. Hurson
United States District Judge