IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| STEVEN ANTHONY WRIGHT, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. 25-4220-BAH |
| MARYLAND JUDICIARY, ADMINISTRATIVE OFFICE OF THE COURTS ET AL., | * | |
| | * | |
| Defendants. | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MEMORANDUM AND ORDER**

Defendant Maryland Judiciary, Administrative Office of the Courts ("AOC") has filed a motion to compel compliance with Federal Rule of Civil Procedure 5(a)(1)(B). ECF 48. This Order resolves that motion along with pro se plaintiff Steven Anthony Wright's ("Plaintiff's") pending motion to seal.[1] ECF 14.

On March 9, 2026, Plaintiff filed a motion "to seal his residential address and other personal identifying information from the public docket" based on Plaintiff's concerns related to safety. ECF 14, at 1. On March 20, 2026, the AOC filed a response to the motion to seal and notes that it "generally takes no position on Mr. Wright's request as to public access." ECF 30, at 3. The AOC asserts, however, that Plaintiff has refused to provide copies of several of his sealed filings to counsel. *Id.* at 4. The AOC requests that if the Court were to grant Plaintiff's motion, that it "also order Mr. Wright to provide all counsel an unredacted copy of his filing(s), via email, contemporaneously with his filing." *Id.* On May 20, 2026, the AOC filed a motion to compel

---

[1] The motions at ECFs 34, 43, 44, 45, and 50 remain pending.

compliance with Rule 5 of the Federal Rules of Civil Procedure, and indicates that Plaintiff continues to refuse to provide copies of his sealed filings to counsel. ECF 48, at 2. Only through "working with the Clerk's office" has counsel "been able to access [] *some* of the restricted filings, but not all." *Id.* (emphasis in original). The Court first resolves Plaintiff's motion to seal, ECF 14, and then turns to the AOC's motion to compel, ECF 48.

Local Rule 105.11 provides that "[a]ny motion seeking the sealing of . . . motions, exhibits[,] or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." (D. Md. 2025). The common law presumes that the public has a right to inspect judicial records and documents, though this may be outweighed by the parties' interest in sealing documents. *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). Here, Plaintiff argues that he has safety concerns about public access to his address and other personal contact information because of his previous role as a Maryland District Court Commissioner. ECF 14, at 2. He claims that "[e]very individual against whom Plaintiff issued a detention determination, arrest warrant, or denial during his commissioner tenure remains a potential safety concern." *Id.* As such, Plaintiff requests that "his residential address and personal contact information be restricted from public docket access" and maintains that "[a]ll parties and their counsel of record will retain full access to all information." *Id.* at 3–4.

The Court finds that Plaintiff's request to seal his home address would not burden the public's right of access to public records so long as the other information contained in those documents remains on the public docket.[2] *See Fortson v. Garrison Prop. & Cas. Ins. Co.*, No.

---

[2] No member of the public has opposed Plaintiff's motion despite adequate time to do so. *See Gonzalez v. Cuccinelli*, 985 F.3d 357, 376 (4th Cir. 2021).

1:19-CV-294, 2022 WL 824802, at *4 (M.D.N.C. Mar. 18, 2022) (granting motion to seal plaintiff's address because "[t]he public does not need to know her address to understand the issues or the basis for any judicial decision and her privacy interests support sealing her address").  The Court further finds that Plaintiff's request is reasonable given Plaintiff's former public-facing employment and, in particular, the risk of danger from individuals unhappy with Plaintiff's decisions on pre-trial detention.  The Court will therefore grant Plaintiff's request to seal his home address.

Plaintiff also requests to seal his "personal contact information," but does not specify the contact information—other than his home address—that he wishes to seal.  ECF 14, at 1.  Given that Plaintiff is primarily concerned with the security of his home address and physical safety, *see id.* at 2, the Court will not seal any contact information other than Plaintiff's home address at this time.  **Accordingly, going forward, Plaintiff is excused from including, and shall not include, his home address on documents filed on the public docket.**[3]    Plaintiff should continue to include his email address and phone number in the signature block on his filings.

Given that a number of filings remain sealed solely because they include Plaintiff's home address, the Court orders Plaintiff to resubmit the following filings with Plaintiff's home address REDACTED: ECF 1; ECF 21; ECF 22; ECF 32; ECF 33; ECF 36; ECF 42; ECF 44; ECF 45; ECF 49; and ECF 50.  Plaintiff should indicate the corresponding ECF number for each redacted filing that he re-submits to the Court.   To the extent any other filings on the docket include Plaintiff's home address and are not sealed, Plaintiff bears the responsibility to notify the Court, request that the document(s) be sealed, and submit a redacted copy (or copies) of those filings.

---

[3] Local Rule 102.1(b)(i) requires that "[a]t the bottom of all court documents, counsel and self-represented litigants shall state their name, address, telephone number, email and fax number." Plaintiff will be excused from including his address in his signature block.

The Court is, however, concerned that Plaintiff apparently refused to provide certain of his filings, including several motions, to opposing counsel.  Federal Rule of Civil Procedure 5 requires that papers filed after the original complaint, including motions, pleadings, and other filings, must be served on the opposing party.  Fed. R. Civ. P. 5(a)(1)(B).  Service may be satisfied by "sending [filings] to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person has consented to in writing."  Fed. R. Civ. P. 5(b)(2)(E).  This method of service "is complete upon filing or sending, but is *not effective* if the filer or sender learns that it did not reach the person to be served."  *Id.* (emphasis added).  While Rule 5 does not explicitly provide for sanctions for non-compliance, *see Kennedy v. Hankey Grp.*, Civ. No. WDQ-09-2890, 2010 WL 1664087, at *6 (D. Md. Apr. 22, 2010), Plaintiff is nonetheless under an obligation to serve copies of his filings on opposing counsel.

Plaintiff argues that he is not required to email copies of restricted filings to opposing counsel and that "Counsel may obtain the filings through the Clerk's office."  ECF 49, at 5.  However, Plaintiff has been informed on at least three occasions that his filings "did not reach the person to be served" based on the sealed status of the filings.  ECF 48, at 2 (March 10, 2026), at 3 (May 21, 2026), at 4 (May 26, 2026). "[P]ro se litigants, like all other parties, must abide by the Federal Rules of Procedure."  *Riffin v. Baltimore Cnty., Md.*, Civ. No. ELH-12-897, 2012 WL 2915251, at *5 (D. Md. July 16, 2012) (citation omitted), *aff'd sub nom. In re Riffin*, 521 F. App'x 164 (4th Cir. 2013).  Plaintiff has failed to do so as the AOC has not received copies of ECFs 42, 43, 44, or 45.  *See* ECF 48, at 1.  Accordingly, the Court finds good cause exists to grant the AOC's motion, and the Court will direct Plaintiff to email AOC's counsel with copies of ECFs 42, 43, 44, and 45, along with ECFs 49 and 50, which were filed after the AOC's motion to compel and remain

sealed.[4]  The AOC will be granted additional time to respond to the pending motions at ECFs 43, 44, 45, and 50.

Plaintiff is reminded that he also has an obligation to keep a current address on file with the Court.  *See* Loc. R. 102.1(b)(iii) (D. Md. 2025).  He must also ensure that he keeps opposing counsel apprised of his current contact information and must continue to monitor the docket and abide by court orders, as any litigant must.  *See, e.g.*, *Tomey v. Baltimore Cnty.*, Civ. No. L-09-390, 2011 WL 2457679, at *4 (D. Md. June 15, 2011) ("All plaintiffs have an affirmative duty to actively monitor the progress of the lawsuits they bring and a responsibility to take steps to ensure the smooth progression of litigation.").

For these reasons, it is this 3rd day of June, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's motion to seal, ECF 14, is GRANTED in part and DENIED in part as follows:

    a. Plaintiff's request to seal his home address is GRANTED;

    b. Plaintiff's request to seal personal contact information other than his home address is DENIED;

    c. Plaintiff SHALL submit within twenty-one (21) days of this Order, copies of ECF 1; ECF 21; ECF 22; ECF 32; ECF 33; ECF 36; ECF 42; ECF 44; ECF 45; ECF 49; and ECF 50, with his home address REDACTED.  Plaintiff must indicate the corresponding ECF number for each redacted filing that he re-submits to the Clerk's office;

    d. The Clerk's office is DIRECTED to docket the redacted copies of the aforementioned filings as unsealed attachments to the original filings;

---

[4] Going forward, the AOC should be able to receive service through the Court's electronic filing system, as Plaintiff will be submitting filings without his home address and the filings will not otherwise be under seal.

    e.   Prospectively, Plaintiff is EXCUSED from including his home address from his filings on the public docket and SHALL not include his home address on his filings;

    f.   To the extent any other filings on the docket include Plaintiff's home address and are not sealed, Plaintiff bears the responsibility to notify the Court, request that the document(s) be sealed, and submit a redacted copy (or copies) of those filings;

    g.   Plaintiff is REMINDED that he must keep the Court and opposing counsel apprised of his current contact information, including his address;

2.  The AOC's motion to compel, ECF 48, is GRANTED in part as follows:

    a.   Plaintiff SHALL email copies of his filings at ECFs 42, 43, 44, 45, 49, and 50 to the AOC's counsel of record no later than 12:00 p.m. on Thursday, June 4, 2026;

    b.   The AOC is GRANTED until June 18, 2026, to file a response to the pending motions at ECFs 43, 44, 45, and 50; and

3.  The Clerk SHALL SEND a copy of this order to Plaintiff and counsel of record.


                                /s/
                            Brendan A. Hurson
                            United States District Judge