**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| STEVEN ANTHONY WRIGHT, | | Civil Action No. 1:25-cv-04220-BAH |
| Plaintiff, | * | |
| v. | * | Hon. Brendan A. Hurson |
| MARYLAND JUDICIARY, et al., | * | |
| Defendants. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**[PROPOSED] AMENDED ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (ECF 44)**

Upon consideration of Plaintiff's Motion for Preliminary Injunction (ECF 44), the State Defendants' opposition (ECF 65), Plaintiff's Reply, the accompanying declarations, and the entire record, and for good cause shown, the Court finding that Plaintiff has demonstrated a likelihood of success on his claims that the May and June 2026 removal of his duties and the disciplinary actions against him were retaliatory and constituted interference in violation of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, and that restoration of the status quo as it existed before that removal is necessary to prevent irreparable harm, it is this ______ day of ____________, 2026, hereby ORDERED:

FINDINGS SUPPORTING THE MANDATORY PROVISIONS. To the extent paragraphs 7 and 8 of this Order require affirmative action, the Court finds that Plaintiff has shown a clear and unequivocal right to that relief. See Pashby v. Delia, 709 F.3d 307, 319-20 (4th Cir. 2013). The record contains the institution's own admissions that the duty removal lacked justification and was tied to Plaintiff's disability: Court Administrator Lionel Moore

stated that Plaintiff's duties "should not have been removed," and the June 8, 2026 Letter of Warning states that, "[i]n full understanding of [Plaintiff's] expressed anxiety," the institution "began removing certain duties" "while waiting for Human Resources to provide guidance . . . regarding [Plaintiff's] requested accommodations." On this record, restoring the status quo ante and completing the stalled interactive process are necessary to prevent irreparable harm pending final judgment.

1. Plaintiff's Motion for Preliminary Injunction (ECF 44) is GRANTED to the extent set forth below. Plaintiff has WITHDRAWN the proposed order submitted with ECF 44 and submits this Order in its place.

2. The provisions of this Order are severable. Plaintiff's primary request is entry of the prohibitory provisions in paragraphs 3 through 6. Should the Court decline to enter any provision, the remaining provisions shall take effect; and in the alternative the Court may enter such narrower relief as it deems appropriate to preserve the status quo and prevent irreparable harm pending final judgment.

3. The Letters of Warning issued to Plaintiff dated May 20, 2026 and June 8, 2026 are RESCINDED and shall be withdrawn from Plaintiff's personnel and disciplinary records; and the State Defendants and their officers, agents, and employees shall not use those rescinded letters, or the incidents they recite, as the basis or predicate for any further disciplinary or adverse action against Plaintiff.

4. Pending final judgment, the State Defendants and their officers, agents, employees, and successors in office are ENJOINED from issuing any letter of warning, reprimand, suspension, termination, or other formal discipline to Plaintiff, and from removing the duties or system access of his Administrative Paralegal position, because of his disability-related accommodation

requests, his communications concerning those requests, his reliance on the accommodation granted on February 18, 2026, or his communications and filings in this litigation, including his requests for an agenda or for representation before a disciplinary meeting.

5. Pending final judgment, the State Defendants and their officers, agents, and employees shall not initiate further disciplinary action against Plaintiff based on incidents occurring on or before May 20, 2026, which the institution has already addressed through the May 20 and June 8 Letters of Warning.

6. Pending final judgment, the State Defendants and their officers, agents, and employees shall not terminate or suspend Plaintiff, and shall not impose on him such intolerable working conditions that a reasonable person would feel compelled to resign, on the basis of the rescinded Letters of Warning, the incidents they recite, his accommodation-related conduct or communications, or his protected activity in this litigation. The directive that no back-and-forth emailing will be tolerated is STRICKEN, and the State Defendants and their officers, agents, and employees shall not restrict Plaintiff's written workplace communications solely on the basis of the "no back-and-forth emailing" directive.

7. [Severable mandatory provision.] Within thirty (30) days of this Order, Defendants Banister, Sanders, Carrion, and Moore, in their official capacities, shall complete the interactive process on Plaintiff's Accommodation Requests #2 through #4 and the re-evaluation of Accommodation #1 in light of his April 7, 2026 diagnosis of Autism Spectrum Disorder, and shall provide Plaintiff a written determination as to each request stating whether it is granted, granted as modified, or denied and the basis for any denial. Because each individual who has conducted that process to date is a named Defendant in this action or reports to one, the Court recommends, but does not require, that the interactive process be conducted through a reviewer independent of the

Family Division chain of command, such as the Job Accommodation Network, the United States Department of Labor's no-cost accommodation-guidance service, or a human-resources officer outside the Family Division.

8. [Severable mandatory provision.] Because the removal of Plaintiff's duties was part of the retaliatory and interfering conduct enjoined above, Defendants Banister, Sanders, Carrion, and Moore, in their official capacities, shall restore the status quo ante by restoring Plaintiff's workstation, system access, and the substantive duties of his Administrative Paralegal position that were removed beginning in May 2026.

9. No security under Federal Rule of Civil Procedure 65(c) is required. Plaintiff proceeds in forma pauperis (ECF 4), and under Rule 65(c) the Court may set security in the amount it considers proper, including none, for an indigent plaintiff; the prohibitory core of this Order independently warrants no bond.

SO ORDERED.

______________________________
Hon. Brendan A. Hurson
United States District Judge