IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

STEVEN ANTHONY WRIGHT,

Plaintiff, *

v. *

MARYLAND JUDICIARY, et al., *

Defendants. *

*

Civil Action No.
1:25-cv-04220-BAH

Hon. Brendan A. Hurson

HD

Rcv'd by: ____________

USDC- BALTIMORE
'26 JUN 30 PM12:52

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT**
**(Fed. R. Civ. P. 15(d))**

Plaintiff Steven Anthony Wright respectfully moves under Federal Rule of Civil Procedure 15(d) for leave to file the attached Supplemental Complaint, and states:

1. Rule 15(d) permits a party, on motion and reasonable notice, to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The standard mirrors the liberal leave standard of Rule 15(a)(2). Franks v. Ross, 313 F.3d 184 (4th Cir. 2002).

2. The proposed Supplemental Complaint sets out events that occurred after the operative First Amended Complaint (ECF 24, filed March 11, 2026): the May and June 2026 stripping of Plaintiff's paralegal duties; the May 20, 2026 Letter of Warning, sheriff-deputy escort, and relocation; the June 8, 2026 Second Letter of Warning, fitness-for-duty demand, and termination threat; the related unlawful medical inquiry; and the intimidation of witnesses in this action.

3. The new matter arises from the same employment relationship and the same protected activity already at issue, including Plaintiff's requests for reasonable accommodation under the Americans with Disabilities Act and the filing and prosecution of this action. Supplementation promotes judicial economy and avoids the needless expense of a separate action over the same parties and course of conduct.

4. Leave is timely and not unduly delayed. The State Defendants did not appear in this action until June 18, 2026 (ECF 64) and moved to dismiss four days later (ECF 66). Plaintiff brings the post-filing conduct forward promptly: he placed that conduct before the Court through his preliminary-injunction record (ECF 44; ECF 50; ECF 57) as it occurred, and could not properly

plead these claims against the Circuit Court and the individual Defendants until those parties were represented by counsel, which did not occur until June 18, 2026. There is no bad faith, no undue prejudice, and the supplement is not futile. Futility is measured by the Rule 12(b)(6) standard, and the supplement satisfies it: the post-filing conduct is already pleaded as a continuing course under the surviving theories of the First Amended Complaint; the immunity-sensitive counts are pleaded with the corresponding carve-outs, including entity damages under Section 504 through the funds waiver of 42 U.S.C. 2000d-7, prospective relief under Ex parte Young, and individual-capacity damages only under Section 1983; exhaustion is satisfied or excused, because Section 504 requires none and the post-charge retaliation is reasonably related to the charged conduct; and any dispute over the sufficiency of a particular count is better resolved on a motion directed at the supplement than on this motion for leave. In any event, the partial futility of any single count would not be a ground to deny leave to file the whole Supplemental Complaint. Under Foman v. Davis, 371 U.S. 178, 182 (1962), leave is denied only for reasons such as bad faith, undue delay, prejudice, or futility of the proposed amendment as a whole; a challenge to the sufficiency of one count does not defeat leave to file a pleading that adds several viable claims, and so no individual count can defeat this Motion for Leave.

5. The proposed pleading is a supplement under Rule 15(d). It supplements, and does not supersede or replace, the First Amended Complaint, which remains the operative pleading. The pending motions to dismiss (ECF 34; ECF 66) are therefore not mooted by this filing. Nor does this filing affect Plaintiff's pending Motion for Preliminary Injunction (ECF 44), which rests on the current record and seeks urgent prospective relief.

6. The Supplemental Complaint adds Court Administrator Lionel Moore as a Defendant for the post-filing conduct he directed and participated in. Joinder is proper under Federal Rule of Civil Procedure 20(a)(2) because the claims arise out of the same series of occurrences and present common questions.

7. Plaintiff requested the position of Defendants' counsel on this Motion by email on June 28, 2026; counsel requested copies of Plaintiff's draft motions and additional time to respond, rather than stating a position. Counsel for the State Defendants thereafter stated that they object to this Motion as untimely, prejudicial, and futile, positions Plaintiff addresses in paragraph 4 above. Counsel for the City Defendants has not indicated a position.

WHEREFORE, Plaintiff respectfully requests that the Court grant leave to file the attached Supplemental Complaint and direct the Defendants to respond to it as the Court orders under Rule 15(d).

Respectfully submitted,

[signature]

Steven Anthony Wright, Plaintiff, Pro Se
(570) 494-8422
stevendiet@gmail.com
Dated: 6/30, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on the date written below I filed the foregoing in person with the Clerk of the Court, and that the Court's CM/ECF system will transmit a Notice of Electronic Filing to all counsel of record registered with the system, including Bryan A. Upshur, Assistant Attorney General, Office of the Attorney General of Maryland, and Elisabeth B. Hofmann, Baltimore City Department of Law, constituting service under Federal Rule of Civil Procedure 5(b)(2)(E) and Local Rule 102.1.c.

Steven Wright

Steven Anthony Wright, Pro Se
Dated: 6/30, 2026