**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

STEVEN ANTHONY WRIGHT, Civil Action No. 1:25-cv-04220-BAH

Plaintiff, *

v. *

MARYLAND JUDICIARY, et al., * Hon. Brendan A. Hurson

Defendants. *

*

HD
Rcv'd by: ______

USDC- BALTIMORE
'26 JUN 30 PM12:53

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S SUPPLEMENT TO HIS MOTION FOR RECONSIDERATION OF DENIAL OF APPOINTMENT OF COUNSEL (ECF 45)**

Plaintiff Steven Anthony Wright, pro se, respectfully supplements his pending Motion for Reconsideration of Denial of Appointment of Counsel (ECF 45) to address material developments since that Motion was filed on May 21, 2026. This supplement does not repeat the grounds in ECF 45; it updates the record on the two factors that govern appointment under 28 U.S.C. Section 1915(e)(1): the type and complexity of the case and Plaintiff's ability to present it adequately. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. District Court, 490 U.S. 296 (1989).

## I. THE CASE HAS BECOME MATERIALLY MORE COMPLEX SINCE ECF 45

1. When ECF 45 was filed, the State Defendants had not yet appeared as to most parties and had not moved to dismiss the operative complaint. Since then:

(a) On June 18, 2026, the Office of the Attorney General entered its appearance for the Circuit Court for Baltimore City and the ten individual State Defendants (ECF 64), so that all twelve

State Defendants, in addition to the separately represented Mayor and City Council of Baltimore City, are now represented by counsel drawn from two coordinated legal teams.

(b) On June 22, 2026, the State Defendants filed a forty-four-page motion to dismiss raising thirteen separate grounds (ECF 66), including Eleventh Amendment sovereign immunity, administrative exhaustion, an asserted general release and waiver, qualified immunity, quasi-judicial immunity, and contested questions of statutory construction under Title I of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, the Fair Labor Standards Act, and the Maryland Whistleblower Law.

(c) Plaintiff has moved for leave to file a supplemental complaint under Federal Rule of Civil Procedure 15(d) adding a thirteenth individual defendant and additional federal counts arising from post-filing conduct.

(d) Two motions to dismiss (ECF 34; ECF 66), a motion for a preliminary injunction (ECF 44), and a motion for a witness protective order (ECF 50) are now pending at once, and discovery has not yet begun.

2. The type and complexity of the case have therefore increased materially since the Court's prior order. Whisenant, 739 F.2d at 163.

## II. PLAINTIFF'S WRITTEN FILINGS DO NOT MEASURE THE CAPACITIES THE NEXT PHASES REQUIRE

3. The Court previously observed that Plaintiff's filings did not suggest that he lacks the capacity to litigate this case. The Fourth Circuit has since held that the ability to make written submissions does not establish that capacity. In Jenkins v. Woodard, 109 F.4th 242 (4th Cir. 2024), the court reversed a denial of appointment of counsel and directed that counsel be appointed on remand, explaining that "nothing in the record demonstrates that [the plaintiff]

competently or coherently presented his claims, or that he can litigate this case," and that "[a]t best, [he] demonstrated his ability to tell portions of his story." Plaintiff's written submissions, like those in Jenkins, show that he can research and draft; they do not, and cannot, measure the distinct capacities the next phases of this case demand. The Fourth Circuit identified those capacities directly: where a case "turns on witness credibility," "the absence of a lawyer with the ability to cross-examine is especially problematic," and a litigant's mental impairment "further diminishes his ability to represent himself." Id. This case is now moving to depositions, the cross-examination of adverse witnesses, and an evidentiary hearing on the preliminary injunction, and it turns on witness credibility: the State's own declarations submitted with its motion to dismiss conflict with one another and with the contemporaneous record, and the validity of the asserted release is contested on grounds of duress. Written capacity and oral, adversarial capacity are different things, and this case is moving from the first to the second.

4. Plaintiff has documented Autism Spectrum Disorder (Level 1), Post-Traumatic Stress Disorder, Obsessive-Compulsive Personality Disorder, and Attention-Deficit/Hyperactivity Disorder. These conditions most impair Plaintiff in precisely the real-time, adversarial, oral settings the case is entering; Plaintiff participates most effectively and accurately in writing. The written-participation accommodation that is itself a subject of this litigation is the same reason a pro se posture becomes untenable as the case proceeds to depositions, an evidentiary hearing on the preliminary injunction, and any trial.

5. The post-filing conduct documented in Plaintiff's contemporaneously filed preliminary-injunction reply and supplemental complaint, including the removal of duties, removal from the workplace under sheriff escort, a relocation that aggravates Plaintiff's

disabilities, and a standing termination threat, is degrading Plaintiff's health and his capacity to litigate, as set out in his sworn declarations.

**III. EXCEPTIONAL CIRCUMSTANCES ARE NOW PRESENT**

6. Taken together, a thirteen-ground dispositive motion, twelve or more represented defendants drawn from two coordinated legal teams, immunity and release defenses that turn on fact-intensive questions such as duress, joint-employer status, and the validity of an asserted waiver, the need for disability-related and damages discovery and likely expert testimony, and a documented disability that impairs oral adversarial participation, present the exceptional circumstances that warrant appointment. Whisenant, 739 F.2d at 163; Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Where a pro se litigant has a colorable claim but lacks the capacity to present it, the court should appoint counsel. Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978). Plaintiff's claims are colorable: the Court has not dismissed them, a motion for a preliminary injunction is pending, and the State's own filings concede contested issues of fact.

7. Reconsideration of the prior order is proper under Federal Rule of Civil Procedure 54(b) on the basis of these intervening developments. Pacific Ins. Co. v. American Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). A court may revise an interlocutory order where, among other circumstances, the record has become substantially different or to correct clear error working manifest injustice. Carlson v. Boston Scientific Corp., 856 F.3d 320, 325 (4th Cir. 2017). The appearance of counsel for all twelve State Defendants (ECF 64), the forty-four-page, thirteen-ground motion to dismiss (ECF 66), and the supplemental pleading are exactly such a changed record.

**IV. RELIEF**

8. Plaintiff renews his request that the Court appoint counsel under 28 U.S.C. Section 1915(e)(1), or in the alternative refer this case to the District of Maryland Pro Bono Program under Local Rule 701.1, with expenses governed by Appendix C to the Local Rules. Although a court may request rather than compel an attorney to serve, Mallard v. U.S. District Court, 490 U.S. 296, 310 (1989), referral to the Pro Bono Program is the appropriate mechanism for an indigent litigant in these circumstances. Plaintiff reiterates that he is open to a limited-scope appointment focused on the most demanding phases of the case: preliminary-injunction and dispositive-motion practice, discovery and depositions, and any hearing or trial.

WHEREFORE, Plaintiff respectfully requests that the Court grant the relief sought in ECF 45 as supplemented herein, appoint counsel under 28 U.S.C. Section 1915(e)(1) or refer this case to the District of Maryland Pro Bono Program under Local Rule 701.1, consider a limited-scope appointment, and grant such other relief as is just and proper.

Respectfully submitted,

Steven Wright

Steven Anthony Wright, Pro Se
(570) 494-8422
stevendiet@gmail.com
Dated: 6/30, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on the date written below I filed the foregoing in person with the Clerk of the Court, and that the Court's CM/ECF system will transmit a Notice of Electronic Filing to all counsel of record registered with the system, including Bryan A. Upshur, Assistant Attorney General, Office of the Attorney General of Maryland, and Elisabeth B. Hofmann, Baltimore City Department of Law, constituting service under Federal Rule of Civil Procedure 5(b)(2)(E) and Local Rule 102.1.c.

Steven Wright

Steven Anthony Wright, Pro Se
Dated: 6/30, 2026