**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| STEVEN ANTHONY WRIGHT, | * | |
| *Plaintiff*, | * | |
| v. | * | Case No. 1:25-cv-04220-BAH |
| MARYLAND JUDICIARY, ADMINISTRATIVE OFFICE OF THE COURTS, et al., | * | |
| *Defendants.* | * | |

* * * * * * * * * * * *

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT (ECF 71)**

Defendants, Administrative Office of the Courts ("AOC"), the Circuit Court for Baltimore City ("Circuit Court"), Chief Judge of the District Court of Maryland John P. Morrissey ("Chief Judge Morrissey"), District Administrative Judge of the District Court of Maryland for Baltimore County, Dorothy J. Wilson ("Administrative Judge Wilson"), Administrative Judge of the Circuit Court for Baltimore City, Audrey J.S. Carrión ("Administrative Judge Carrión"), Timothy D. Haven ("Haven"), Rachel Bowen ("Bowen"), Colleen Ellingson ("Ellingson"), Whitney Wisniewski ("Wisniewski"), Robin Suzanne Banister ("Banister"), Sophia Sanders ("Sanders"), and Grant Smoluk ("Smoluk") (collectively, the "State Defendants" or the "State") by their undersigned counsel, file this response in opposition to Plaintiff Steven Wright's ("Wright") motion for leave to file a supplemental complaint (ECF 71).

## INTRODUCTION

Mr. Wright has filed a motion for leave to file a supplemental complaint ("motion to supplement") (ECF 71). This Court should deny Mr. Wright's motion to supplement because supplementation would cause undue delay and prejudice while a dispositive motion directed to the operative pleading (ECF 24) is pending and because the proposed supplement is futile. The supplement attempts to re-plead legal theories that are barred by Eleventh Amendment immunity, fail for lack of administrative exhaustion, and do not state a claim. The Court should deny Mr. Wright's motion to supplement (ECF 71).

## FACTUAL BACKGROUND

In the interest of brevity, the State Defendants rely on the factual background as stated in their motion to dismiss amended complaint (ECF 24), or in the alternative, motion for summary judgment (ECF 66-1 at 6-16), which is incorporated herein by reference.

### Mr. Wright's Claims in his Proposed Supplement

Mr. Wright's proposes supplementing his amended complaint (ECF 24) by adding new factual allegations and new legal theories. Furthermore, in addition to the densely populated list of defendants already named in this case, Mr. Wright seeks to add Court Administrator of the Circuit Court for Baltimore City Lionel Moore ("Moore") to the instant matter. Count XIV alleges that Ms. Banister and Mr. Moore subjected Mr. Wright to retaliation in violation of 42 U.S.C. § 1983 when they issued Mr. Wright letters of warning on May 20 and June 8, 2026; when he was escorted by a sheriff's deputy and relocated; he was threatened with termination; they demanded a "fitness-for duty"; removed him from a group chat; and caused a May 20, 2026 escalation. (ECF 71-1 at 5-6,

Count XIV, ¶ 113.) As Mr. Wright alleges, these acts were in retaliation for him speaking with a reporter for a local newspaper, though it is unclear from his filing how Mr. Moore or Ms. Banister were made aware of his alleged communication. (ECF 71-1 at 5-6, Count XIV, ¶ 113.)

Count XV alleges that the named officials in their official capacities violated the Americans with Disabilities Act of 1990 ("ADA") when they "made a disability-related inquiry of Plaintiff that was not job-related and consistent with business necessity" and the Entity Defendants violated Section 504 of the Rehabilitation Act of 1973 ("Rehab Act") by performing the same alleged act. (ECF 71-1 at 6-7, Count XV, ¶ 114.) As Mr. Wright alleges, "The inquiry was the Defendants' demand that Plaintiff justify his disability-driven questions about whether his instructions complied with the governing rules and that he accept supervisory and judicial authority on the subject, made in response to his accommodation advocacy and during the pendency of this action." (ECF 71-1 at 6-7, Count XV, ¶ 114.) Though he does not make the clear distinction, this count does not appear to involve any employee of the District Court of Maryland.

Count XVI alleges that the named officials in their official capacities violated the ADA, and that the entity defendants violated the Rehab Act, when they "coerced, intimidated, threatened, and interfered with" rights under the ADA. (ECF 71-1 at 7, Count XVI, ¶ 115.) Specifically, Mr. Wright alleges "The interference includes the cease-and-desist directive, discipline on the subject of the granted accommodation, the disability-related inquiry and fitness-for-duty demand, and the termination threat delivered while the accommodation requests were pending." (ECF 71-1 at 7, Count XVI, ¶ 115.)

Count XVII alleges that the entity defendants subjected Mr. Wright to retaliation for requesting a reasonable accommodation in violation of the Rehab Act when they took all the actions alleged from May to June of 2026. (ECF 71-1 at 7, Count XVII, ¶ 116.)

For the reasons stated below, Mr. Wright's motion to supplement (ECF 71) should be denied.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(d) governs supplemental proceedings. Fed. R. Civ. P. 15(d). The standards in ruling on a motion to amend or a motion to supplement are nearly identical. *Franks v. Ross*, 313 F.3d 184, 198 (4th Cir. 2002). A court should deny a motion to supplement for reasons such as undue delay, bad faith, undue prejudice, or futility, among others. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A supplement is futile when it "is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir.1986).

## ARGUMENT

### I. MR. WRIGHT'S MOTION TO SUPPLEMENT UNDULY PREJUDICES THE STATE DEFENDANTS AND SHOULD BE DENIED.

Mr. Wright filed his original complaint (ECF 1) on December 19, 2025. On February 11, 2026, undersigned counsel entered his appearance (ECF 7) on behalf of the Administrative Office of the Courts ("AOC"), who was the sole named defendant at that time. On March 9, 2026, Mr. Wright moved for leave to amend his complaint (ECF 17) to add additional counts and additional defendants, which the Court granted (ECF 23). On June 22, 2026, the State Defendants filed their dispositive motion (ECF 66). Mr. Wright

was well-aware of all facts alleged in his proposed supplement prior to the State Defendants filing their dispositive motion, though he waited until after the filing of the State's motion to seek leave to supplement.

On June 30, 2026, eight days after the State Defendants filed their dispositive motion, Mr. Wright filed his motion to supplement (ECF 71). All facts alleged in Mr. Wright's proposed supplement predate the State's June 22, 2026 filing by weeks, if not longer. He asserts the supplement "does not moot" the pending motions, but also seeks to inject new parties, claims, and factual allegations, ensuring duplicative motion practice and delay. Mr. Wright's submission adds a new defendant (Court Administrator Lionel Moore) and several new legal theories concerning events alleged to have occurred prior to the filing of the State's dispositive motion. Allowing a new supplement to the complaint now would re-start briefing, expand the case while jurisdictional and immunity defenses are pending, and impose needless burden on the State Defendants. Accordingly, Mr. Wright's motion to supplement should be denied.

## II. MR. WRIGHT'S PROPOSED SUPPLEMENT IS FUTILE.

The State Defendants incorporate their Eleventh Amendment immunity argument contained in their dispositive motion (ECF 66-1 at 18-21, § I) herein by reference.

### a. MR. WRIGHT'S PROPOSED § 1983 CLAIM IS FUTILE AGAINST IMMUNE STATE ENTITIES. HIS § 1983 CLAIMS ARE NOT PLAUSIBLY ALLEGED AGAINST ANY INDIVIDUAL.

As briefed in their dispositive motion, the State Defendants maintain that that "Congress has not abrogated sovereign immunity for claims brought under 42 U.S.C. § 1983" and thus, Mr. Wright's claims against State entities, including officials in their

official capacity, are barred by Eleventh Amendment immunity. (ECF 66-1 at 18-20.) The State Defendants incorporate that argument here by reference.

In his proposed supplement, Mr. Wright again attempts to avoid bars to his claims by bringing them against individuals in their individual capacity. Still, "the mere incantation of the term 'individual capacity" is not enough to transform an official capacity action into an individual capacity action." *Martin v. Wood*, 772 F.3d 192, 196 (4th Cir. 2014). Even if Mr. Wright properly brought an action against an individual, he still fails to state a plausible claim. He does not adequately allege that any individual violated a clearly established right a reasonable person would have known. The State Defendants addressed this topic in their dispositive motion (ECF 66-1 at 26-31), and the State Defendants incorporate that argument here by reference. Mr. Wright now seeks to add a press disclosure followed by workplace supervision, warnings, and assignment decisions. (ECF 71-1 at 5-6, ¶ 113.) There is no allegation that any defendant had actual knowledge of Mr. Wright's alleged media communication, or how they would have known said communication was attributed to Mr. Wright. Furthermore, Mr. Wright's allegations do not amount to constitutionally cognizable retaliation in violation of clearly established law. Adding such claims is futile.

### b. MR. WRIGHT'S ADA TITLE I CLAIMS ARE BARRED BY ELEVENTH AMENDMENT IMMUNITY. ADA TITLE I DOES NOT PERMIT SUITS AGAINST INDIVIDUALS WHO ARE EMPLOYEES, NOT THE EMPLOYER.

As fully explained in the State Defendants' dispositive motion (ECF 66), ADA Title I claims against the State Defendants are barred under the Eleventh Amendment because Congress did not abrogate the State's Eleventh Amendment immunity as it relates to ADA

Title I claims. (ECF 66-1 at 20-21.) Mr. Wright's supplement improperly seeks relief under Title I of the ADA, though such relief is not available against the State or its officials. Moreover, to the extent that Mr. Wright attempts to raise ADA Title I claims against an individual, those claims must be dismissed because ADA Title I still "does not permit suits against individual defendants who are employees/State officials, not the employer." (ECF 66-1 at 31.) Accordingly, Counts XV and XVI brought under the ADA are futile.

Even if Mr. Wright were otherwise able to bring his claims under ADA Title I, which the State Defendants do not concede, Mr. Wright has still failed to exhaust his administrative remedies as to his ADA Title I claims. The State Defendant's dispositive motion addresses this point (ECF 66-1 at 31-33), and the State Defendants incorporate that argument here by reference. Mr. Wright's supplement claims post-charge retaliation "need not be separately exhausted", but that premise cannot cure the absence of any perfected charge in the first place. (ECF 71-1 at 5, ¶ 112.) Adding more ADA theories to unexhausted matters is futile.

**c. MR. WRIGHT'S REHAB ACT CLAIMS REMAIN DEFICIENT.**

The State Defendants' motion explains why Mr. Wright's Rehab Act theories fail, and the State Defendants incorporate that argument herein by reference. (ECF 66-1 at 35-37.) Mr. Wright continues to allege in his supplement that the Family Division of the Circuit Court for Baltimore City receives federal financial assistance (ECF 71-1 at 2), but the proposed supplement does not plausibly allege adverse action "solely by the reason of" Mr. Wright's claimed disability. The proposed supplement relies on mixed motives, such as speaking with a newspaper reporter, which is inconsistent with the Rehab Act's

causation standard. Accordingly, proposed Counts XV, XVI, and XVII brought under the Rehab Act are futile.

**CONCLUSION**

For the above reasons, the motion for leave to file a supplemental complaint (ECF 71) should be denied.

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland

*/s/ Bryan A. Upshur*
BRYAN A. UPSHUR
Federal Bar No. 21899
Assistant Attorney General
200 St. Paul Place, 20th floor
Baltimore, Maryland 21202
bupshur@oag.state.md.us
(410) 576-7012 (telephone)
(41) 576-6393 (facsimile)

*Attorneys for the State Defendants*