IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEVEN ANTHONY WRIGHT, | * | |
| Plaintiff, | * | Civil Action No. 1:25-cv-04220-BAH |
| | * | Hon. Brendan A. Hurson |
| v. | * | |
| MARYLAND JUDICIARY, | * | |
| ADMINISTRATIVE OFFICE OF | * | |
| THE COURTS, et al., | * | HD |
| | * | Rcv'd by: |
| Defendants. | * | |

USDC- BALTIMORE
'26 AUG 18 PM12:48

* * * * * * * * * * * * * * * * * * * * * * * * * *

# PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT (ECF 71)

Plaintiff Steven Anthony Wright, pro se, replies in support of his Motion for Leave to File a Supplemental Complaint (ECF 71) and in response to the State Defendants' opposition (ECF 79).

## I. INTRODUCTION

The opposition quotes half the governing standard and then applies neither half. The Fourth Circuit states futility in two branches: a proposed pleading is futile if it is "clearly insufficient or frivolous on its face," the formulation the opposition quotes from Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986) (see ECF 79 at 4), or if it "fails to withstand Rule 12(b)(6) scrutiny." In re Triangle Cap. Corp. Sec. Litig., No. 19-2162 (4th Cir. Feb. 22, 2021). Plaintiff does not ask the Court to apply only the narrower branch. Under either branch the inquiry runs count by count against the pleading actually proposed, taking its allegations as true, drawing reasonable inferences in Plaintiff's favor, and construing a pro se pleading liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Leave under Rule 15(d) is governed by the same freely-given

standard as Rule 15(a). Franks v. Ross, 313 F.3d 184, 198 (4th Cir. 2002) (cited at ECF 79 at 4); Foman v. Davis, 371 U.S. 178, 182 (1962).

Measured against that standard, the opposition does not carry its burden. Its futility section consists almost entirely of incorporation by reference to the State's dispositive motion (ECF 66-1 at 18-21, 26-31, 31-33, 35-37), a brief written against the First Amended Complaint's Counts I through XIII before the supplemental counts existed. ECF 66-1 never analyzed a First Amendment press-speech claim, a disability-related-inquiry claim under 42 U.S.C. Section 12112(d)(4)(A), an interference claim under 42 U.S.C. Section 12203(b), or the supplemental Section 504 retaliation count pleaded at Count XVII. The opposition never mentions Ex parte Young, although every ADA branch of the supplement is expressly limited to prospective official-capacity relief; neither the opposition nor the memorandum it incorporates mentions the footnote in the State's lead Eleventh Amendment authority that preserves exactly that relief, Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 374 n.9 (2001); never addresses the elements of either ADA theory; never addresses the witness-intimidation allegations (Suppl. Compl. para 109); and makes no argument under Rule 20 against joinder of Court Administrator Moore. Those omissions matter: the futility of the supplemental counts must be shown as to those counts, not as to a different pleading.

## II. THE MOTION IS TIMELY AND WORKS NO COGNIZABLE PREJUDICE

**A. Rule 15(d) measures supplementation from the pleading, not from the opponent's motion.** The supplement pleads events of April through June 2026, all of which postdate the operative First Amended Complaint (ECF 24, filed March 11, 2026). Presenting post-pleading transactions and occurrences is the office of Rule 15(d). There is no rule that post-pleading events must be raised before a defendant files its Rule 12 motion, and the State cites none.

**B. The record shows diligence, with the State on express notice throughout.** The events pleaded in the supplement were placed before the Court as they occurred: the May 20, 2026 Letter of Warning, deputy escort, and relocation were filed the next day with the Motion for Preliminary Injunction (ECF 44, May 21, 2026); the June 8, 2026 Second Letter of Warning was filed within one day (ECF 57, June 9, 2026); and paragraph 13 of ECF 57 expressly reserved "any motion for leave to supplement under Federal Rule of Civil Procedure 15(d)." That reservation sat on the docket for thirteen days before the State filed its dispositive motion on June 22, 2026 (ECF 66). The State's own supporting papers engage the very events the supplement pleads. See ECF 66-4 (Banister Declaration). Plaintiff then sought the State's position by email on June 28, 2026; counsel requested copies of the draft motions rather than stating a position (ECF 71 para 7); and Plaintiff filed on June 30, 2026, twenty-two days after the last pleaded event. That is promptness, not delay, and delay alone, without prejudice or bad faith, does not justify denial of leave. Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999).

**C. The interval the State complains of was of its own making.** From March 11, 2026, when the First Amended Complaint added the Circuit Court and the individual Defendants, until June 18, 2026 (ECF 64), no counsel had appeared for any Defendant whose conduct the supplement pleads; the February 11, 2026 appearance (ECF 7) was for the AOC alone. During that window service of process on Ms. Banister, the signatory of both Letters of Warning, remained unresolved: the summons was returned unexecuted as to her (ECF 36), Plaintiff moved to have her deemed served (ECF 43), the Court recorded that motion as still pending on June 3, 2026 (ECF 52 at 1 n.1), and the same Order gave the State until June 18, 2026 to respond to it (ECF 52 para 2(b)), which is the same day counsel first appeared. A Rule 15(d) motion filed while no

counsel of record existed for the affected parties, while service of the underlying action was itself being contested, and while the retaliatory sequence was still unfolding (a supplement filed after May 20 would have required a second supplement after June 8) would have been premature three times over and would have produced the very duplicative motion practice the opposition decries. The State chose when to appear, filed its dispositive motion four days later with the ECF 57 reservation before it, and now labels the resulting interval Plaintiff's delay.

**D. The claimed prejudice is litigating the claims, which is not prejudice.** No scheduling order has issued; discovery has not begun; the case is at the pleadings stage. The prejudice that defeats leave is litigation prejudice: lost evidence, unfair surprise, disruption on the eve of trial. None is asserted. Nothing is mooted and nothing restarts: the supplement "does not supersede or replace" the First Amended Complaint, the pending motions proceed regardless (ECF 71 para 5), and the Court's July 15, 2026 Order (ECF 78) already set a consolidated schedule managing exactly this briefing. The alternative to supplementation is a separate action over the May and June 2026 conduct, followed by likely consolidation, at far greater cost to the parties and the Court. Rule 15(d) exists so that complete relief may be had in one action.

**E. The conduct the State describes as historical did not stop, and continued after the opposition was filed.** The State's timeliness premise is that "[a]ll facts alleged in Mr. Wright's proposed supplement predate the State's June 22, 2026 filing by weeks, if not longer." That is not an accurate description of the course of conduct. On July 30, 2026, Plaintiff asked Court Administrator Moore in writing for clarification of his role in preparing orders on requests for default and posed five numbered questions. On July 31, 2026, Mr. Moore directed him to follow one of the options and to route sufficiency questions to a manager rather than to the judge. On August 3, 2026, six weeks after the dispositive motion and six days after the opposition to this

motion, Plaintiff identified the employer's own written procedure, "Reviewing Requests for Default, version 6/01/26," and asked how the routing instruction related to it. Mr. Moore's reply that day read, in its entirety: "Good morning, Mr. Wright, Mrs. Banister is on leave today. The issue will be discussed upon her return. No further instructions will be provided until then. Please do not include the judge in any future communication. Such matters are to be addressed by your managers. Thanks" Written answers came on August 11, 2026, twelve days after the first request and two minutes after Plaintiff invoked his written-instructions accommodation as to the same subject. They identify "the applicable Rule(s)" and name no written procedure, policy, or directive, so the relationship between the routing instruction and the written procedure remains unstated. Each of these communications is set out on personal knowledge in the accompanying Declaration of Steven Anthony Wright at paragraphs 4 through 10, which quotes the operative language of each. Plaintiff does not ask the Court to treat that exchange as a pleaded allegation; it is not in the proposed supplement. It is offered for the narrow purpose the State's own argument opened: the transactions the supplement pleads are not a closed historical episode. Denying leave would not end them. It would relocate them to a second action.

## III. COUNT XIV (FIRST AMENDMENT RETALIATION) IS NOT FUTILE

### A. The Eleventh Amendment argument attacks a claim the supplement does not plead.

Count XIV pleads that "Defendants Moore and Banister are liable in their individual capacities for damages and, under Ex parte Young, 209 U.S. 123 (1908), in their official capacities for prospective injunctive relief only," and states in terms: "Plaintiff does not seek official-capacity damages." Suppl. Compl. para 113. Individual-capacity damages claims under 42 U.S.C. Section 1983 are not barred by the Eleventh Amendment. Hafer v. Melo, 502 U.S. 21, 30-31 (1991). Prospective official-capacity relief proceeds under Ex parte Young, 209 U.S. 123 (1908). The opposition addresses neither carve-out.

**B. Martin v. Wood does not govern a Section 1983 constitutional claim.** The opposition's sole individual-capacity authority, Martin v. Wood, 772 F.3d 192, 196 (4th Cir. 2014), applied a real-party-in-interest analysis to an FLSA claim whose relief was payable from the state treasury. The Fourth Circuit has expressly declined to extend Martin's analysis to Section 1983 constitutional claims, because doing so would effectively immunize state officials from the personal liability Section 1983 imposes. Adams v. Ferguson, 884 F.3d 219, 225-26 (4th Cir. 2018) (rejecting the Eleventh Amendment bar to the individual-capacity claim, while granting qualified immunity on a distinct failure-to-transfer theory not at issue here). Count XIV seeks damages from the individuals personally for their own alleged retaliatory acts; Hafer, not Martin, controls.

**C. The speech is protected, and the clearly-established objection does not show futility.** A public employee's written disclosure to a newspaper reporter, made as a citizen outside any official duty, on a matter of public concern, here that domestic violence petitioners were being compelled to supply information the statewide form and governing statute do not require, sits at the core of Pickering v. Bd. of Educ., 391 U.S. 563 (1968), and Lane v. Franks, 573 U.S. 228 (2014) (speech drawing on job-learned information is citizen speech when made outside ordinary job duties). Speaking to the press is no part of an administrative paralegal's duties. A generalized assertion that no clearly established right was violated, without engaging Pickering or Lane, does not make a pleaded First Amendment count "clearly insufficient or frivolous on its face," the showing the opposition itself invokes, ECF 79 at 4, 6, nor does it show that the count fails to withstand Rule 12(b)(6) scrutiny. The qualified immunity discussion the opposition incorporates by reference, ECF 66-1 at 26-31, is directed to Counts VI, VII, IX, and XII of the First Amended Complaint, not to this count, and cites neither Pickering nor Lane.

**D. Knowledge and causation are plausibly pleaded, and the alternative branch does not depend on them.** The supplement pleads the May 13, 2026 written press disclosure; removal from the operational group chat five days later, on May 18, 2026; and the coordinated May 20, 2026 escalation two days after that. Suppl. Compl. paras 104-105, 113. The opposition's futility argument is that "[t]here is no allegation that any defendant had actual knowledge of Mr. Wright's alleged media communication, or how they would have known said communication was attributed to Mr. Wright." ECF 79 at 6. Rule 8 does not require a plaintiff to plead the mechanism by which a decisionmaker learned of protected activity. At the pleading stage, causation, including the decisionmakers' knowledge, may rest on circumstantial allegations, and this close, employer-side sequence supports the inference; the internal communications that will confirm or refute it are in Defendants' exclusive possession. A contested inference is not futility. And the count pleads an alternative Petition Clause branch resting on the filing and prosecution of this lawsuit, petitioning of which every Defendant indisputably had knowledge. That branch was pleaded against the limit Guarnieri imposes. A public employee's petition is protected only where it addresses a matter of public concern. Borough of Duryea v. Guarnieri, 564 U.S. 379 (2011). Count XIV accordingly rests this branch not on Plaintiff's "personal employment grievance," which it expressly disclaims, but on "the Family Division's division-wide systemic intake and signature-validation practices affecting self-represented litigants across the division," pressed in a public federal action rather than through an internal grievance procedure. Suppl. Compl. para 113. Whether that showing ultimately carries is measured against a whole record that does not exist at the pleading stage, and an inquiry that cannot yet be completed does not make the branch clearly insufficient or frivolous on its face.

## IV. COUNTS XV AND XVI (ADA INQUIRY AND INTERFERENCE) ARE NOT FUTILE

**A. The supplement already concedes, and pleads around, Garrett.** Counts XV and XVI seek no ADA damages from anyone. As against the officials in their official capacities they seek prospective injunctive relief only, expressly invoking Ex parte Young and Garrett, 531 U.S. at 374 n.9. Suppl. Compl. paras 114-115. It is the position of the Office of the Attorney General of Maryland and the Administrative Office of the Courts, as stated in their opposition at ECF 79 at 7, that relief under ADA Title I "is not available against the State or its officials." The authority on which that position rests holds otherwise as to prospective relief: Title I "can be enforced . . . by private individuals in actions for injunctive relief under Ex parte Young." Garrett, 531 U.S. at 374 n.9. The memorandum the opposition incorporates pins Garrett at 374 for the abrogation holding, ECF 66-1 at 18, and does not quote the footnote that appears on that same page.

**B. The individual-liability point attacks nothing.** No supplemental count sues any individual in an individual capacity under the ADA. The rule that Title I does not permit suits against individual employees (ECF 79 at 7) is therefore beside the point.

**C. Each count has an independent Section 504 branch against the entities.** A state entity's acceptance of federal financial assistance waives Eleventh Amendment immunity as to Section 504 claims. 42 U.S.C. Section 2000d-7; Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 491-94 (4th Cir. 2005). The supplement pleads the Family Division's federal financial assistance with specificity: Jurisdictional Family Services grant funds, records of which the Maryland Judiciary itself produced to Plaintiff on June 5, 2026. Suppl. Compl. para 101. Because that waiver is independent of Garrett, immunity doubts about an ADA branch do not reach the Section 504 branch of each count, and partial doubt about one branch is not a ground to deny leave to file a supplement containing viable claims.

**D. The elements are pleaded, and the opposition engages none of them.** Section 12112(d)(4)(A) provides that a covered entity "shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity." By its terms the provision protects any employee, and does not require proof that the plaintiff is an individual with a disability. The supplement pleads the employment relationship; the inquiry, being the demand that Plaintiff justify his disability-driven questions about whether his instructions complied with the governing rules, made at the June 8, 2026 meeting at which a fitness-for-duty examination was also raised; and the absence of any "reliable, objective basis to believe" Plaintiff could not perform his job or posed a direct threat. Suppl. Compl. paras 107-108, 114. Whether a demand so made is an inquiry within the provision, and whether it was job-related and consistent with business necessity, are fact-bound questions resolved on a record, not on a futility objection that never raises them. EEOC v. McLeod Health, Inc., 914 F.3d 876, 880-83 (4th Cir. 2019) (reversing summary judgment for the employer where a jury could find that it lacked a reasonable belief, based on objective evidence, that the employee's ability to perform an essential function was impaired or that she posed a direct threat).

Section 12203(b) makes it unlawful "to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed," any right the ADA grants. The supplement pleads the right, being the right to request and rely upon reasonable accommodations and to participate in the interactive process; the interference, being the cease-and-desist directive, discipline imposed on the subject of the granted accommodation, the disability-related inquiry and fitness-for-duty demand, and the

termination threat delivered while accommodation requests remained pending; and the resulting injury. Suppl. Compl. paras 105-108, 115. The opposition addresses none of it. Nor is the identity of the defendant an answer: the Fourth Circuit has sustained ADA employment claims against a state judiciary administrative office. Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562 (4th Cir. 2015) (accommodation and discharge claims; not an interference case). An opposition that never engages the elements of a count has not shown that count to be clearly insufficient or frivolous on its face.

**V. THE EXHAUSTION OBJECTION FAILS, AND SECTION 504 REQUIRES NONE**

First, the Section 504 branches of Counts XV, XVI, and XVII require no administrative exhaustion at all, so the objection cannot reach them.

Second, charge-filing is a mandatory but non-jurisdictional claim-processing rule, Fort Bend County v. Davis, 587 U.S. 541 (2019), and an affirmative defense that supports dismissal only where the facts establishing it appear on the face of the pleading. The face of this supplement pleads reasonable relation to EEOC Charge No. 531-2025-03965 and to the prosecution of this action. Suppl. Compl. para 112.

Third, the "absence of any perfected charge" premise (ECF 79 at 7) rests on matter outside the pleadings, and it is inconsistent with the administrative record before the Court, including the State's own exhibits: the EEOC's June 19, 2025 Notice of Charge, attached to the State's dispositive motion as part of Exhibit 3, states that the EEOC "has received sufficient information from Charging Party for the agency to regard the communication as a Charge of Discrimination," and the EEOC issued a Determination and Notice of Rights on that charge on December 19, 2025, which presupposes a processed charge. Plaintiff signed the charge under its printed penalty-of-perjury declaration. Plaintiff's opposition to the State's dispositive motion, filed

herewith, addresses the verification record in full, and Plaintiff incorporates that discussion by reference rather than repeat it.

Fourth, retaliation that grows out of a filed charge, including retaliation for filing the charge and for prosecuting the resulting lawsuit, may be raised for the first time in federal court without a second charge. Nealon v. Stone, 958 F.2d 584, 590 (4th Cir. 1992), abrogated on other grounds by Fort Bend County v. Davis, 587 U.S. 541 (2019); Jones v. Calvert Group, Ltd., 551 F.3d 297, 302-04 (4th Cir. 2009), abrogated on other grounds by Fort Bend County v. Davis, 587 U.S. 541 (2019); see Sydnor v. Fairfax County, 681 F.3d 591, 593-95 (4th Cir. 2012) (reasonably-related touchstone). The May and June 2026 conduct pleaded in the supplement, discipline and interference directed at the same accommodation dispute that was the subject of the charge, delivered during the pendency of this action, is quintessential post-charge retaliation. Exhaustion is in any event irrelevant to Count XIV, which arises under Section 1983.

## VI. COUNT XVII PLEADS ITS CAUSATION EXPRESSLY; THE "MIXED MOTIVES" ARGUMENT MISREADS THE PLEADING

The opposition argues that the supplement "relies on mixed motives, such as speaking with a newspaper reporter," inconsistent with Section 504 causation, and directs that argument at "proposed Counts XV, XVI, and XVII" alike. ECF 79 at 7-8. Its premise is absent from the first two. Count XV pleads an inquiry that was not job-related and consistent with business necessity, made "in response to his accommodation advocacy." Suppl. Compl. para 114. Count XVI pleads that the Section 504 violation "occurred because of Plaintiff's disability and his exercise of disability-accommodation rights." Suppl. Compl. para 115. Neither count rests on the press disclosure. That leaves Count XVII. Count XVII was drafted to foreclose that argument, and says so: "Plaintiff rests this Section 504 count on his disability and disability-accommodation activity alone; his press disclosure and the filing of this action are pleaded as protected activity

only under his First Amendment and ADA-retaliation theories, not as the basis of this Section 504 count," and pleads that the disability-accommodation activity "was the but-for cause of the adverse actions." Suppl. Compl. para 116. A party may plead alternative counts resting on different protected activity, Fed. R. Civ. P. 8(d)(2)-(3); alternative theories across separate counts are not "mixed motives" within any one of them. The pleaded sequence, accommodation granted February 18, 2026, discipline imposed on the subject of the granted accommodation, the interactive-process records track closed May 7, 2026, and escalation while requests remained pending, states a plausible causal chain that survives Rule 12(b)(6) scrutiny and is not "clearly insufficient or frivolous on its face."

## VII. PARTIAL FUTILITY CANNOT DEFEAT LEAVE, AND NO RULE 20 OBJECTION IS MADE TO THE JOINDER OF MR. MOORE

Futility must be shown count by count against the pleading actually proposed. Even where a court doubts one count or one branch, leave is granted as to the viable remainder. The opposition makes no argument under Rule 20 against joinder of Court Administrator Moore, no argument against the witness-intimidation allegations (Suppl. Compl. para 109), and no argument against the Section 504 branches beyond the causation point answered above. The opposition has not carried its futility burden as to those grounds. Mr. Moore's participation is also current rather than historical: the August 3, 2026 email quoted in Part II.E is his own, sent six days after the opposition, directing that Plaintiff's questions await a supervisor's return and that Plaintiff not include the judge in future communications. Wright Reply Decl. para 8. Joinder of the official presently directing the conduct at issue is the ordinary course under Rule 20(a)(2).

## VIII. CONCLUSION

The Court should grant the Motion for Leave to File a Supplemental Complaint (ECF 71), direct the Clerk to docket the Supplemental Complaint, and set a response date for the Defendants under Rule 15(d).

Respectfully submitted,

Steven Anthony Wright, Pro Se
Phone: (570) 494-8422
Email: stevendiet@gmail.com
Dated: August 18, 2026

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 18, 2026, a copy of the foregoing was filed with the Clerk of Court for the United States District Court for the District of Maryland, which will be served on all registered counsel of record through the Court's CM/ECF system, including Bryan A. Upshur, AAG, Office of the Attorney General of Maryland (bupshur@oag.state.md.us), and Elisabeth Brevet Hofmann, Esq., Baltimore City Department of Law (elisabeth.hofmann@baltimorecity.gov), constituting service under Federal Rule of Civil Procedure 5(b)(2)(E) and Local Rule 102.1.c.

Steven Anthony Wright, Pro Se