**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| STEVEN ANTHONY WRIGHT, | * | |
| Plaintiff, | * | Civil Action No. 1:25-cv-04220-BAH |
| | * | Hon. Brendan A. Hurson |
| v. | * | |
| MARYLAND JUDICIARY, | * | |
| ADMINISTRATIVE OFFICE OF | * | |
| THE COURTS, et al., | * | |
| | * | |
| Defendants. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

# DECLARATION OF STEVEN ANTHONY WRIGHT IN SUPPORT OF PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT (ECF 71)

I, Steven Anthony Wright, declare under penalty of perjury pursuant to 28 U.S.C. Section 1746 that the following is true and correct. I make this declaration on my own personal knowledge. I am over eighteen years of age and competent to testify to the matters stated below.

1. I am the Plaintiff in this action and I appear pro se.

2. I am employed as an Administrative Paralegal in the Family Division of the Circuit Court for Baltimore City. I remain employed in that position today.

3. One of my assigned tasks is to review requests for default filed in the Family Division and to prepare the orders on those requests that go to a judge for signature. I am also assigned to review affidavits of service filed with the Clerk's Office.

4. On July 30, 2026, at approximately 11:25 a.m. Eastern time, I sent an email to Court Administrator Lionel Moore, copying manager Shannon Thomas and Judge Myshala Middleton,

with the subject line "Request for Defaults | Clarification On My Role." In that email I requested written clarification of my role in preparing orders on requests for default, and I asked five numbered questions. I wrote that I had "been directed not to consider the contents of the filings and to confirm only that the required fields are completed," and that I did "not know how to do that and still produce an accurate order."

5. On July 31, 2026, at 10:41 a.m. Eastern time, Mr. Moore replied in writing: "I will discuss this matter with Mrs. Banister and get back to you. Thanks" At 12:21 p.m. the same day, I sent a further email in the same thread to Mr. Moore, copying Ms. Thomas, Judge Middleton, and Ms. Banister. In it I asked which interim standard I should apply to requests for default while the clarification remained pending, and I offered three numbered interim procedures: that I prepare orders applying the governing requirements as written; that I prepare orders on requests presenting no sufficiency question and route any request presenting one to the Judge in Charge queue, consistent with Judge Middleton's instruction; or another interim procedure identified in writing. I wrote that I was not asking to be relieved of the assignment.

6. On July 31, 2026, at approximately 4:05 p.m. Eastern time, Mr. Moore replied in writing, copying Ms. Thomas, Judge Middleton, and Defendant R. Suzanne Banister. His reply stated in its entirety: "Good afternoon, Mr. Wright, Please follow item 2. However, forward to Ms. Thomas, not the Judge. Thanks" The reply did not identify any policy, directive, rule, or written procedure as the source of that instruction.

7. On August 3, 2026, I sent a further email in the same thread. In it I identified the employer's own written procedure for this task, titled "Reviewing Requests for Default, version 6/01/26," and I quoted it as stating that "Requests for Default are denied only for the reasons listed in the

attached sample Order" and that "If the Request for Default does not contain any of the flaws listed in the attached denial order, it can be granted." I asked how the routing instruction I had received related to that written procedure.

8. Later on August 3, 2026, at 11:43 a.m. Eastern time, Mr. Moore replied. His reply stated in its entirety: "Good morning, Mr. Wright, Mrs. Banister is on leave today. The issue will be discussed upon her return. No further instructions will be provided until then. Please do not include the judge in any future communication. Such matters are to be addressed by your managers. Thanks" Judge Middleton was a copied recipient of that message. On August 5, 2026, at 4:10 p.m. Eastern time, I followed up in writing that the questions remained unanswered and that approximately twenty requests for default were pending. On August 6, 2026, at 9:44 a.m., Mr. Moore replied: "We appreciate your patience. We will get back to you shortly. Thank you."

9. On August 11, 2026, at 3:37 p.m. Eastern time, I sent an email to Mr. Moore and Ms. Banister, copying Ms. Thomas, stating, in part: "I am invoking my accommodation for written instructions regarding requests for defaults. My request has been pending since July 30, 2026. I was told instructions would be provided Friday, then Monday, and again today. Nothing has been provided."

10. On August 11, 2026, at 3:39 p.m. Eastern time, two minutes after the message described in the preceding paragraph, Ms. Banister sent written answers to my emails of July 30, July 31, and August 3, 2026, copying Mr. Moore and Ms. Thomas, under the subject line "Reply to Your Emails dated 7/30, 7/31, and 8/3." She wrote: "The standard of review for all cases will always be the applicable Rule(s)." As to my first question she wrote: "Yes, preparing an order on a request for default includes determining if the request for default and any attachments satisfies

the applicable Rule(s). If that cannot be determined on the face of the documents, it should be sent to the Judge in Charge." Her answers identify "the applicable Rule(s)" and do not name any policy, directive, internal standard, or written procedure. Between July 30, 2026 and August 11, 2026, twelve days elapsed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 18, 2026.

Steven Anthony Wright, Pro Se
Phone: (570) 494-8422
Email: stevendiet@gmail.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 18, 2026, a copy of the foregoing Declaration of Steven Anthony Wright in Support of Plaintiff's Reply was filed with the Clerk of Court for the United States District Court for the District of Maryland and served on counsel of record, Bryan A. Upshur, AAG, Office of the Attorney General of Maryland (bupshur@oag.state.md.us), and Elisabeth Brevet Hofmann, Esq., Baltimore City Department of Law (elisabeth.hofmann@baltimorecity.gov).

Steven Anthony Wright, Pro Se