**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| STEVEN ANTHONY WRIGHT, | * | |
| Plaintiff, | * | Civil Action No. 1:25-cv-04220-BAH |
| | * | Hon. Brendan A. Hurson |
| v. | * | |
| MARYLAND JUDICIARY, | * | |
| ADMINISTRATIVE OFFICE OF | * | |
| THE COURTS, et al., | * | |
| | * | |
| Defendants. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

# EXHIBIT A
# Signed EEOC Charge of Discrimination (Form 5A), Charge No. 531-2025-03965

**Date:** June 10, 2025

**Source:** EEOC Form 5A (August 2023), signed by Plaintiff under the form's printed declaration "I declare under penalty of perjury that the above is true and correct," dated 06/10/2025, naming the Respondent as "MARYLAND JUDICIARY," 187 Harry S. Truman Parkway, Annapolis, Maryland 21401. Transmitted to the EEOC Baltimore Field Office at BFOContact@eeoc.gov on June 10, 2025, in response to the EEOC's same-day request; the EEOC issued an automated Confirmation of Charge Receipt the same day.

**Authentication:** Declaration of Steven Wright, filed contemporaneously herewith. Fed. R. Evid. 901(b)(1).

**Third-Party PII Scrub:** Plaintiff's home address has been redacted from the Personal Information block on page 1 pursuant to this Court's Order of June 3, 2026 (ECF 52, paragraph 1(e)). No other portion of the document has been altered. An unredacted copy will be provided to the Court or to counsel upon request.

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## CHARGE OF DISCRIMINATION

For Official Use Only – Charge Number:

EEOC Form 5A (August 2023)

| | |
|---|---|
| **Personal Information** | First Name: STEVEN MI: A Last Name: WRIGHT<br>Address: [redacted] Apt.: ______<br>City [redacted] County [redacted] State: MD Zip Code [redacted]<br>Phone: 570-494-8422 Home ☐ Work ☐ Cell ☑ Email: STEVENDIET@GMAIL.COM |
| **Who do you think discriminated against you?** | Employer ☑ Union ☐ Employment Agency ☐ Other Organization ☐<br>Organization Name: MARYLAND JUDICIARY<br>Address: 187 Harry S. Truman Parkway Suite: ______<br>City: ANNAPOLIS State: MD Zip Code: 21401 Phone: 410-260-1280 |
| **Why you think you were discriminated against?** | Race ☐ Color ☐ Religion ☐ Sex ☐ National Origin ☐ Age ☐ Pregnancy ☐<br>Disability ☑ Genetic Information ☐ Retaliation ☐ Other ☐(*specify*) |
| **What happened to you that you think was discriminatory?** | **Date of most recent job action you think was discriminatory:** 3/7/25<br>**Also describe briefly each job action you think was discriminatory and when it happened (estimate).**<br>Please see attached document for detailed explanation... |
| **Signature and Verification** | I understand this charge will be filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address, phone, or email. I will cooperate fully with them in the processing of my charge in accordance with their procedures.<br><br>I understand by signing below that I am filing a charge of employment discrimination with the EEOC. I understand that the EEOC is required by law to give a copy of the charge, which includes my allegations and my name, to the organization named above. I also understand that the EEOC can only investigate charges of job discrimination based on race, color, religion, sex, national origin, age, disability, genetic information, or based on retaliation for filing a charge of job discrimination, participating in an investigation of a job discrimination complaint, or opposing job discrimination.<br><br>**I declare under penalty of perjury that the above is true and correct.**<br>**Signature:** *Steven Wright* **Date:** *06/10/2025* |

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**CHARGE OF DISCRIMINATION**

CONTINUATION FOR WHAT HAPPENED TO YOU THAT YOU THINK WAS DISCRIMINATORY

I was employed with the Maryland Judiciary from June 2019 until March 7, 2025. I began my employment as a Courtroom Clerk in the Juvenile and Child Support Divisions. In May 2021, I transitioned into the role of District Court Commissioner. I initially worked in District 10 (Carroll and Howard Counties) before transferring to Baltimore County (District 8) in August 2022, where I remained until my departure.

Commissioners in District 10 had more collaborative and communicative management practices. Howard County, in particular, where I received my initial training, was known for strictly adhering to policies and procedures. Supervisors frequently referenced guidance from Annapolis as the basis for their strict approach. However, when I transferred to Baltimore County, I noticed a significant difference in how policies were applied. Management there was much more lax and inconsistent, often providing conflicting instructions. Interestingly, they too claimed that their procedures came from Annapolis, which created confusion and further highlighted the lack of statewide consistency in policy enforcement. In contrast, my experience in District 8 was marked by vague guidance, minimal support, and inconsistent communication from supervisors. Unlike other positions within the Judiciary, Commissioners do not receive formal performance evaluations. To the best of my knowledge, I was never issued any formal disciplinary action or documented concerns throughout my employment.

In the week leading up to my termination, my supervisor, Colleen Ellingson, directed me to follow up on an incomplete police drop-off application. When I asked her whether the officer was required to complete the cover sheet, she was unable to provide an explanation and simply stated, "that's how it's always been done." For someone with OCPD, that response was especially unhelpful and stressful, as I rely on clear reasoning and structure to complete tasks confidently. Colleen then told me that if I did not believe her, I should reach out to Tim Haven, Director of Commissioners, for clarification. I followed her instruction and emailed Tim on March 3, 2025, to request clarification on whether the cover sheet requirement fell under judicial discretion.

Tim responded to my March 3 email the following day, on March 4, 2025, telling me to "trust management's judgment" and discouraging me from continuing to raise questions. I replied to that message by disclosing that I had been diagnosed with Obsessive-Compulsive Personality Disorder (OCPD) and that I struggle when information is unclear or inconsistently applied. I clarified that I was not trying to be difficult, but that I needed more structured and reliable communication to manage my role effectively. I further explained that ambiguity and lack of clarity caused me significant stress due to my condition. Tim never responded to this disclosure.

Later that same day, I had a video conversation with my direct supervisor, Colleen Ellingson, via our Cisco bail review monitor. During this discussion—held while I was in Essex with Commissioner Michael Streb, whose desk was positioned directly across from mine—Colleen and I spoke about my ongoing concerns. Michael could hear the conversation due to our physical proximity and the shared audio on the monitor. I

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**CHARGE OF DISCRIMINATION**

CONTINUATION FOR WHAT HAPPENED TO YOU THAT YOU THINK WAS DISCRIMINATORY

voiced my frustration that management often refused to answer questions or provided vague, dismissive responses. I explained the impact that had on me, particularly in light of my OCPD diagnosis, which I shared with her during the conversation. I stated that I was not seeking special treatment but was simply asking for more clarity and effort in how management communicated expectations. Colleen acknowledged what I shared and said she would speak to Administrative Commissioner Whitney Wisniewski. I received no follow-up after that discussion, and I do not know whether Colleen ever informed anyone else of our conversation.

Three days after my email to Tim, on March 7, 2025, I was abruptly called in and given an ultimatum: resign within 24 hours or be terminated. No performance-based reasons or prior warnings were given to justify this action. I was not told I had violated any policies. Because it was a Friday, I attempted to contact an attorney before responding but was unable to reach one in time. I felt blindsided and under pressure, and I signed the resignation letter the following day. I was explicitly told that if I refused to resign, they would not only proceed with termination but would also block me from applying to any future positions within the Maryland Judiciary or any position with the State of Maryland. They also threatened to fight my unemployment.

The extremely close timing between my disclosure to Tim and the demand for my resignation strongly suggests that my communication triggered the adverse action. While I did not initially realize my disclosure constituted a request for reasonable accommodation, I now understand that it did. The ADA protects employees with mental health conditions and requires employers to engage in an interactive process once a disability is disclosed. Instead of opening a dialogue, management ignored my concerns and removed me from my position within days. I believe this constitutes both a failure to accommodate and unlawful retaliation under the ADA.

I am prepared to provide documentation, including the email exchange with Tim Haven and any other supporting materials, upon request.

Wright, Steven