**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| STEVEN ANTHONY WRIGHT, | * | |
| Plaintiff, | * | Civil Action No. 1:25-cv-04220-BAH |
| | * | Hon. Brendan A. Hurson |
| v. | * | |
| MARYLAND JUDICIARY, | * | |
| ADMINISTRATIVE OFFICE OF | * | |
| THE COURTS, et al., | * | |
| | * | |
| Defendants. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

# ADDENDUM OF STATUTES, RULES, AND GOVERNING POLICY TO PLAINTIFF'S OPPOSITION TO THE STATE DEFENDANTS' MOTION TO DISMISS (ECF 66)

Submitted under D. Md. Local Rule 105.3, which excludes from the page limit "addenda containing statutes, rules, regulations, and similar material." The materials reproduced here are cited in the accompanying memorandum and bear on disputed questions; they are collected so the memorandum may cite rather than quote them at length.

**1. 42 U.S.C. Section 1983 (final sentence)**

> in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

**2. 42 U.S.C. Section 1985(2) (first clause)**

> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified . . . .

**3. 42 U.S.C. Section 12117(a) (ADA Title I remedies)**

The powers, remedies, and procedures set forth in sections 705, 706, 707, 709, and 710 of the Civil Rights Act of 1964 [42 U.S.C. 2000e-4 to 2000e-6, 2000e-8, 2000e-9] shall be the powers, remedies, and procedures this subchapter provides to the Commission, to the Attorney General, or to any person alleging discrimination on the basis of disability in violation of any provision of this chapter.

**4. 29 U.S.C. Section 794a(a)(2) (Section 504 remedies)**

The remedies, procedures, and rights set forth in title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d et seq.] shall be available to any person aggrieved by any act or failure to act by any recipient of Federal assistance or Federal provider of such assistance under section 794 of this title.

**5. 29 U.S.C. Section 794(b)(1)(A) (program or activity)**

For the purposes of this section, the term "program or activity" means all of the operations of . . . a department, agency, special purpose district, or other instrumentality of a State or of a local government . . . .

**6. 42 U.S.C. Section 2000d-7(a)(1) (waiver of Eleventh Amendment immunity)**

A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973, title IX of the Education Amendments of 1972, the Age Discrimination Act of 1975, title VI of the Civil Rights Act of 1964, or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance.

**7. Fed. R. Civ. P. 12(d)**

If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

**8. Fed. R. Civ. P. 56(d)**

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the

motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

**9. Fed. R. Civ. P. 9(b)**

In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

**10. Fed. R. Civ. P. 8(d)(2)**

A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.

**11. Maryland Judiciary Employee Handbook, Policy 2.6, Policy Prohibiting Discrimination, Harassment, and Retaliation (Scope), adopted pursuant to Maryland Rule 16-806**

(a)(2)(A) This policy applies to: (i) applicants for employment; and (ii) all persons employed by a court, unit, or judicial entity organized within the Judicial Branch (I) including regular, temporary and contractual employees; (II) regardless of the source of the employee's compensation (e.g., county, state, federal, grant).

**12. Maryland Judiciary Employee Handbook, Policy 2.1, Policy on Accommodation of Disabilities (effective July 1, 2017; revised October 30, 2024)**

(a)(2) Scope. (A) This policy applies to: (i) applicants for employment; and (ii) all persons employed by a court, unit, or judicial entity organized within the Judicial Branch (I) including regular, temporary and contractual employees; (II) regardless of the source of the employee's compensation (e.g., county, state, federal, grant). (B) This policy does not apply to: (i) the employees of the Register of Wills or the Orphans' Court; and (ii) justices and judges, except to the extent that certain judges serve as the Administrative Head of a judicial entity and, therefore, perform administrative duties consistent with this policy.

(b)(2) ADA Coordinator. For purposes of this policy, an employee responsible for receiving and facilitating a request for a disability accommodation by an employee or applicant.

(b)(4) Administrative Head: . . . (C) For the circuit courts, the Clerk of the Court for all employees under the Clerk's supervision, and the County Administrative Judge for all state employees under their supervision; (D) For the District Court, the Chief Judge of the District Court, the Chief Clerk, or the Administrative Clerk or Administrative Commissioner for all employees under their supervision; (E) For the Administrative Office of the Courts (AOC), the State Court Administrator . . . .

(d)(1) Each Administrative Head shall: . . . (B) Designate a person to serve as the ADA coordinator for the court, unit, or judicial entity under the Administrative Head's supervision and communicate that designation in writing to the employees under their supervision and to the Judicial Branch FPO and ADA officer.

(f)(2)(A) If no accommodation request form has been completed, the supervisor, manager, or ADA coordinator will direct the employee to complete the ADA Request for Accommodation form. (B) If the employee has made an oral request, the supervisor, manager or ADA coordinator shall memorialize the oral request of the employee.

(f)(2)(C) The supervisor, manager or ADA coordinator shall immediately send a copy of the request to: (i) the Administrative Head; (ii) the ADA coordinator (if they are not the Administrative Head); and (iii) the ADA officer.

(f)(5)(B) The ADA coordinator, ADA officer, or designee shall recommend an appropriate action to the Administrative Head. (C) Consideration may be given to the employee's preference; however, the Administrative Head may select and implement a reasonable effective accommodation. (D) The Administrative Head, ADA coordinator, or ADA officer will provide a formal response to a request for accommodation within 30 calendar days of receipt of the request and will notify the employee if a longer period is needed.

**13. Maryland Judiciary Employee Handbook, Policy 2.2, Policy on At-Will Employment (effective July 1, 2017; revised January 2, 2019; July 1, 2019; January 24, 2024)**

(a)(2) Scope. (A) This policy applies to: (i) employees who are paid through the Central Payroll Bureau of the Comptroller; and (ii) employees of the State Board of Law Examiners, the Thurgood Marshall State Law Library, the Commission on Judicial Disabilities, and the Supreme Court of Maryland Standing Committee on Rules of Practice and Procedure. (B) This policy does not apply to: (i) locally funded employees in the circuit courts; (ii) employees of the Attorney Grievance Commission and the Client Protection Fund; (iii) employees of the Register of Wills or the Orphans' Court; and (iv) justices and judges; and (v) elected officials.

(b) Definitions. Judiciary Human Resources Division (JHRD): The division within the AOC that is responsible for, but not limited to, the following functions for State

employees in the Maryland Judiciary: human resources policy development, administration, and interpretation; talent acquisition; employment and orientation services; employee benefits; position classification and salary administration; and employer-employee relations.

(c) To protect the interests of all involved, the Administrative Head must consult with the JHRD before terminating the employment of an at-will employee. The termination will not be approved if the JHRD determines the termination is a violation of law or the at-will employee's constitutional rights.

(d)(7) Special Appointments . . . (F) District Court Commissioner.

(g) The JHRD is responsible for the interpretation of this policy.

**14. 29 U.S.C. Section 794(d) (standards for employment claims)**

The standards used to determine whether this section has been violated in a complaint alleging employment discrimination under this section shall be the standards applied under title I of the Americans with Disabilities Act of 1990 (42 U.S.C. 12111 et seq.) and the provisions of sections 501 through 504, and 510, of the Americans with Disabilities Act of 1990 (42 U.S.C. 12201-12204 and 12210), as such sections relate to employment.

Steven Anthony Wright, Pro Se
Phone: (570) 494-8422
Email: stevendiet@gmail.com
Dated: August 18, 2026